## Wood *v.* Dolby and others.

(*Circuit Court, S. D. New York.* April 28, 1881.)

1. DESIGN PATENT—SECTION 4929, REV. ST., CONSTRUED—"NEW AND IMPROVED" EQUIVALENT TO "NEW AND ORIGINAL."

Under section 4929, Rev. St., which provides that a patent may be granted for a *new* and *original design,* where a patent was granted for a *new* and *improved* design, the patent mentioning no prior design, *held,* that the term *improved* should be construed to mean a new and distinctive design, and improved as compared with others used; and, in connection with the term *new,* that it was original with the patentee.

2. SAME—ANTICIPATION.

Where a patent was for a design consisting of the representation of a bird upon a branch or twig, with various accessories, and the evidence showed several pre-existing bird designs, *held,* that the design was yet new and original, since none of the alleged anticipations were like it in appearance, either in outline or detail.

3. SAME—SIMILARITY IN ARTISTIC EFFECT—DIFFERENCES IN IMMATERIAL DETAILS.

Where the similarity in two designs is such that the differences between them are not appreciable by observing their artistic effect, such differences being merely in detail, are immaterial, and the designs will be considered as substantially the same.

4. SAME—APPEARANCE—ATTRACTIVENESS.

The patent is for the appearance which the design adds to the article, making it desirable according to its attractiveness to those observing and wanting it, and it is the right to the exclusive use of this which is secured to the patentee.

In Equity.

*William Kemble Hall,* for plaintiff.

*Worth Osgood,* for defendants.

WHEELER, D. J. This suit is brought for an alleged infringement of design patent No. 11,409, issued to the orator for jewelry settings, expressed in the specification to be for a new and improved design for jewelry settings, consisting of a representation of a bird upon a branch or twig, with a leaf above the bird and a panel at the base of the twig, in white and gold colors, with a diamond upon the leaf and two diamonds upon the panel. The defences are that the patent for a new and *improved* design is not within the statute, section

4929, which only provides for patents for new and *original* designs; that this design was known and used by others before the invention or production of it by the plaintiff; and that the defendants do not infringe.

Perhaps, as has been argued for the defendant, the statute was intended to protect such designs only as would be original and distinctive of themselves, and not those which would be mere improvements upon others; but, if so, the word "improved," in this patent, is not understood as representing that this design is a mere improvement upon another, especially as no other is mentioned, but is considered to mean that this design is of itself new and distinctive, and improved as compared with others, and, in connection with the new, to represent that it was original with the orator. The evidence shows several pre-existing bird designs, and the testimony of several witnesses is that this is only a bird design for such settings, and that therefore it is not new or original. But none of those shown are like this in appearance, either in outline or detail. Upon all the evidence in respect to them it is not shown at all satisfactorily that settings of this design were either known or used before the orator produced this.

The defendants have sold rings having a setting of the same outline as that represented in the orator's patent, representing a bird upon a branch or twig, with a leaf above the bird, and a panel, or a larger part of the branch in the shape of a panel, and two leaves, at the base of the twig, in white, or silver and gold colors, and a diamond upon the leaf above. There are two other leaves upon the bird in the defendants' setting. The wings of the bird are in a different position from those of the bird in the plaintiff's setting, and the upper leaf is turned differently; but the two leaves below the bird in the defendants' setting are in white or silver color, and somewhat resemble the diamonds upon that part of the plaintiff's; and altogether more is required than to observe and consider the artistic effect of each to bring these differences to notice. Looked at as ornaments desirable for their beauty or appropriateness, according to the taste of the wearer, these differences in the details become immaterial. The patent is for

the appearance which the design will add to articles of jewelry, making them desirable according to its attractiveness to those who may observe and want them; and it is the right to the exclusive use of this which is secured by it to the orator. *Gorham Co.* v. *White,* 14 Wall. 371. The defendants have not left the orator to his rights, but have infringed upon them by making use of a design which presents substantially the same appearance to that class of persons. For this they must be held liable.

Let a decree be entered for an injunction and an account, according to the prayer of the bill, with costs.