## SIMPSON v. DAVIS.

(*Circuit Court, E. D. New York.* March 18, 1882.)

1. **PATENTS FOR INVENTIONS—NEW DESIGNS.**

    A claim is not defeated merely because scrolls and ornamentation similar in effect to the scrolls and ornamentation described have before been employed, if a new idea is embodied in the method of their arrangement.

2. **SAME—ORIGINAL SHAPE OR CONFIGURATION.**

    The statute permits a patent for any new, useful, and original shape or configuration of any manufacture; and where the arrangement of ornament and shape is new, useful, and original the invention is patentable.

*Edwin H. Brown*, for plaintiff.

*N. H. Clement*, for defendant.

BENEDICT, D. J. This action is brought upon a patent owned by the plaintiff, which, it is alleged, has been infringed by the defendant. The patent is for design No. 12,026, and was issued November 9, 1880, to Henry Textor. The specification states that Henry Textor is the originator and producer of a new and improved design for newel posts, the character of which is illustrated by a drawing accompanied by a description. There are 11 claims. Only the fifth, the sixth, and the eleventh are relied on here. It is not disputed that the defendant is engaged in manufacturing newel posts, similar in ornament, shape, and configuration to the newel posts described in the plaintiff's patent. The similarity is so great that a photograph of the plaintiff's newel post is admitted to correctly represent the newel post made by defendant. No question in regard to the infringement is therefore raised, but it is contended that the patent is void for want of novelty as well as of patentability in the subject-matter.

The fifth claim of the patent is for "a design for the upper portion of a newel post, consisting of the scrolled ornaments, *l*, and the bead, *m*, the roses or rosettes, *n*, upon each side, as specified." The statute (Rev. St. § 4929) authorizes a patent for any new and original ornament to be cast or otherwise placed on any article of manufacture. The subject-matter of the claim under consideration is for an ornament, not for a newel post or a part of a newel post having a new and original shape or configuration, but for an ornament intended to be placed upon a newel post. The claim does not seek to secure the scroll by itself, nor the bead by itself, nor the roses by themselves. Each of these is an ornament, but neither of them is new. The claim, therefore, seeks to cover these forms associated together in the

manner described as composing a single ornament. In the matter of ornamentation mere juxtaposition of old forms is doubtless sufficient to authorize a patent for an ornament when, by means of such juxtaposition, accomplished by industry, genius, effort, and expense, the old forms are made to become component parts of an ornament substantially new in its effect. But the result of the industry, genius, effort, and expense employed must, as I suppose, be a single ornament, which, taken as a whole, can be considered to be the embodiment of a new idea in ornamentation. The amount of the novelty may be small, but the effect of the ornament must, to some extent at least, be new. The ornament may, in this sense, be new and original, although all the forms used in its composition are old and well-known forms of ornamentation.

The claim under consideration is therefore not defeated when it is shown that scrolls similar in effect to the scroll described in the claim, and that beads and roses such as those described, have often before been employed in the ornamentation of newel posts. The difficulty with the claim does not arise from want of novelty in the forms employed, nor yet in the want of novelty in the method of arranging these forms, because, simple as the arrangement is, the case furnishes no evidence that a scroll and roses were ever before arranged one above another, with only a bead between. But I find it difficult to consider that the scroll, roses, and bead, when arranged as described in the claim, constitute a single ornament. There is no commingling of the lines forming the scroll, the bead, and the roses; no new idea seems to be embodied in the method of their arrangement. All that has been done is to place these distinct and well known-ornaments one above the other, without the production of any such combined effect as to entitle the whole to be treated as a new and original ornament. No new ornament has in fact been produced. If, therefore, the plaintiff's action rested upon the fifth claim of his patent alone, I should hesitate to uphold it.

The sixth claim is for "a design for the cap of a newel post, consisting of the gable-like projection, *e*, having rounded or curved outlines, the recessed or sunken scrolled ornaments, *s*, the foliated moulding, *t*, and the fillet, *u*, as specified." The statute authorizes a patent for "any new and original design for a manufacture;" and this claim is intended to cover such a design. The first question presented by this claim is whether the cap of a newel post is a manufacture within the meaning of the statute. The testimony shows that the cap of a

newel post is a distinct article often manufactured by itself, but never used except in connection with other parts, which, taken together, go to make up what is known as a newel post. Upon this testimony I incline to the opinion that the article described in the sixth claim, namely, a cap of a newel post, may be held to be a manufacture; but whether this be so or not seems of no importance in view of the seventh claim of the patent, which is for the whole newel post, including the cap. The statute permits a patent for any new, useful, and original shape or configuration of any article of manufacture. The seventh claim describes an article of manufacture, namely, a newel post of a certain shape or configuration, and having, among other distinctive features, the ornaments described in the fifth claim, and the cap described in the sixth claim.

Against this claim the only defence made is that the distinctive features of the newel post described were to be found in other newel posts prior to the date of the plaintiff's invention, and many of them, in fact, copied by the inventor himself from newel posts erected in New York. But here the difficulty with the defence is that there is no evidence that any newel post substantially similar in shape and configuration to the one described in the plaintiff's patent had ever before been designed. The arrangement of ornament and shape presented by the plaintiff's post is new, useful, and original. The several experts testify that the newel post described in the patent would not be considered, either by the trade or by those wishing to buy such articles, to be similar to any of the other newel posts put in evidence; and the proof is that as between the plaintiff's newel post and the one most similar to it of all those put in evidence, the demand has been twenty to one in favor of the plaintiff's post. Moreover, the defendants have thought it worth the while to copy the plaintiff's post exactly.

I am therefore of the opinion that the seventh claim of the plaintiff's patent can be upheld, and that the patent secures to the plaintiff the exclusive right to make newel posts such as are in said claim described. The fact being undisputed that the defendants have made newel posts similar to the post described in the seventh claim, it follows that the plaintiff is entitled to an injunction as prayed for, and also for an accounting.