## TOMKINSON *v.* WILLETS MANUF'G CO.

*(Circuit Court, S. D. New York. March 7, 1884.)*

1. PATENTS FOR INVENTIONS—DECREE BY CONSENT—RES JUDICATA.
    When a decree has been entered by consent in a prior suit declaring a patent valid, and that complainant is the sole owner thereof, such decree will be considered binding, as to all questions determined thereby, in a second suit between the same parties.
2. SAME—DESIGN PATENTS—INFRINGEMENT—RESEMBLANCE.
    It is not necessary that a design patent should be copied in every particular to constitute an infringement. It is sufficient if the resemblance is such that an ordinary purchaser would be deceived, although the infringer has deviated slightly in details, or has omitted something which an expert could discover.

In Equity.
*Frank v. Briesen*, for complainant.
*Philo Chase*, for defendant.

COXE, J. This is an equity action for infringement founded upon design patent No. 13,295, granted to John Slater, assignor to Gildea & Walker, September 12, 1882, for a design for a vegetable dish. The patent is now owned by the complainant. The invention relates to a new shape or configuration for a vegetable dish or other similar household article of china. The claims are as follows:

(1) The design for a rectangular vegetable dish, having upper straight section, c, central curved section, d, and lower straight section, e, substantially as shown. (2) The design for a rectangular vegetable dish, having straight top and a section, d, curved first outward and then inward in such manner that the base of the dish is smaller than its top, substantially as shown. (3) The design for a vegetable dish, having parallel sides, a, a', and parallel sides b, b', and composed of the sections, c, d, e, substantially as shown.

It will be observed that as to the handles, ornamentation, size, and color of the dish, nothing is said in the claims. They are for the shape only.

In June, 1883, prior to this suit, the complainant commenced an action in the United States circuit court, district of New Jersey, against the defendant for an infringement of this patent. The complaint was in all respects similar to the one in the present suit. The defendant appeared by its president and consented to a decree and an injunction as prayed for. On or about the twenty-first of July, 1883, a final decree was entered, by which it was determined that the complainant is the sole owner of the letters patent in suit, and that they are good and valid in law. That decree was pleaded and proved in this action; it is valid and binding upon the rights of the parties, and, as to all the questions determined by it, is *res judicata*. Unfortunately, perhaps, for the defendant, the court is not now permitted to consider the defenses, which, by the defendant's own action, are thus eliminated from the case. The question of infringement is alone open to investigation.

In approaching this subject, the rule with reference to design patents should be kept steadily in view. It is by no means necessary that the patented thing should be copied in every particular. If the infringing design has the same general appearance, if the variations are slight, if to the eye of an ordinary person the two are substantially similar, it is enough. It is of no consequence that persons skilled in the art are able to detect differences. Those who have devoted time and study to the subject, who have spent their lives in dealing in articles similar to those in controversy, may see at a glance features which are wholly unimportant, and unobserved by those whose pursuits are in other directions, and who are attracted only by general appearances. If the resemblance is such that a purchaser would be deceived, it will not aid the infringer to show that he has deviated slightly from a straight line in one place and from a curved line in another, or that he has added or omitted something which an expert can discover. *Gorham Co.* v. *White,* 14 Wall. 511; *Lehnbeuter* v. *Holthaus,* 105 U. S. 94; *Wood* v. *Dolby,* 19 Blatchf. 214; S. C. 7 FED. REP. 475; Sim. Pat. 218; Walk. Pat. § 375. Tested by this rule, I am constrained to say that the defendant infringes.

The principal difference pointed out between the two dishes in controversy is that in the upper vertical section of defendant's dish the sides are not exactly parallel, but bulge outwardly, departing from a straight line something less than half an inch. It is thought, how-

ever, that this divergence is not sufficiently marked to arrest the attention of the average observer. Bearing in mind that the patent deals with shape alone, the same conclusion must be reached with reference to the other differences suggested by the defendant's witnesses.

There should be a decree for the complainant.