## UNTERMEYER *v.* FREUND *et al.*

*(Circuit Court, S. D. New York. January 15, 1889.)*

1. PATENTS FOR INVENTIONS—DESIGN PATENT—NOVELTY.

Letters patent No. 15,121 granted July 1, 1884, for a design for watch-cases, which consists of a central conventional star, in which any ornament may be set, placed upon a larger star of leaves, having diamond-shaped projections between its points, both stars being in bas-relief, *held* not void for want of novelty.

2. SAME.

If a design presents a different impression upon the eye from anything which precedes it, if it proves to be pleasing, attractive, and popular, if it creates a demand for the goods of its originator, even though it be simple, and does not show a wide departure from other designs, its use will be protected.

In Equity. Bill for infringement of a patent for a design.
*Rowland Cox,* for complainant.

*Frederic H. Betts* and *Samuel R. Betts*, for defendants.

COXE, J. This is an equity action of infringement, founded upon letters patent No. 15,121, granted to the complainant July 1, 1884, for a design for watch-cases. The design consists of a central conventional star, in which any ornament may be set, placed upon a larger star of leaves, both stars being in bas-relief. Between the points of the star of leaves are diamond-shaped projections. The design was the result of considerable effort and industry. It shows some genius, and it soon became popular with the public, and a source of profit to those who adopted it. The claims are as follows:

"(1) A design for watch-cases, consisting of the conventional star, A, and the larger star, B, the points of which represent leaves, the star, A, occupying the central field of the star, B, all being in relief, substantially as shown and described. (2) A design for watch-cases, consisting of the conventional star, A, and the larger star, B, composed of leaves, and having between its points ornamental projections, C, the star, A, occupying the center of the star, B, all being in relief, substantially as shown and described. (3) A design for watch-cases, consisting of the star, A, containing the ornament, D, the larger star, B, representing leaves, and having between its points the ornamental projections, C, and the star, A, occupying the center of the star, B, all being in relief, substantially as shown and described."

The defenses are anticipation, lack of invention, and non-infringement of the second and third claims. The claims would have to be unreasonably restricted to give the slightest plausibility to the defense of non-infringement. The two designs look alike, and an ordinary purchaser could not detect the difference. The defendants in their circular of February 10, 1887, admit that they have made the design of the patent, and assert that they have a right to make it, and will continue to do so. Infringement is clearly established. Has novelty been negatived? The patent is *prima facie* evidence that the complainant was the first inventor. *Lehnbeuter* v. *Holthaus*, 105 U. S. 94. He who asserts to the contrary must prove it beyond a reasonable doubt. The *onus* is upon him. The record discloses the usual conflict upon this subject. The witnesses do not agree. After the testimony has been read and weighed, the mind has not a decided impression either way. It is in doubt. This is peculiarly a case where light could be thrown upon the controversy were the court permitted to see the witnesses, and observe their manner while testifying. A witness may convince all who hear him testify that he is disingenuous and untruthful, and yet his testimony, when read, may convey a most favorable impression. To state the proposition as fairly as the defendants can expect, the issue upon this branch of the case is involved in uncertainty. If the defendants' right to recover a sum of money in an ordinary action at law depended upon their establishing the affirmative of this issue, a verdict in their favor would, probably, not be disturbed by the court. If, however, the complainant's conviction of a crime depended upon the establishment by the prosecution of the same proposition, a verdict of guilty could hardly be sustained. The jury most certainly would declare that they were not satisfied beyond a

reasonable doubt that prior use had been established. The court had occasion to comment upon this rule in somewhat similar circumstances in the case of *Thayer* v. *Hart*, 20 Fed. Rep. 693, 22 Blatchf. 229. What was there said need not be repeated. .

The question of invention is a perplexing one. It is balanced in well-nigh even scales, and a decision either way would have much in reason and common sense to commend it. The prior art shows badges made with a central raised star of silver placed upon a larger star of similar material, the lower star being chased into a form somewhat resembling leaves. Badges with a star of tinsel placed upon a larger star of silk were well known, as was a design for the center of a watch-dial resembling the star of leaves and the ornamental projections of the patent, but without the conventional star and the central ornament. The defendants also introduced a large number of tracings from drawings found in volumes belonging to the Astor library. These show designs for pavements, ceilings, spandrels, panels, railings, pedestals, embroidery, carpets, and marquetry. All these, being drawings, are of course flat, though some show cross-sections indicating that the originals were in relief. None were designed for watch-cases; and none, if put on a watch-case, would be mistaken for the complainant's design. None, if made now for the first time, would infringe; none can be said to anticipate. It is proba-bly true that an expert with the patent before him can select from these drawings every separate feature of the design, often finding two or more of them in similar juxtaposition. The drawings would not, however, suggest the design to one who had not seen it before. A design requires invention, but a different set of faculties are brought into action from those required to produce a new process, or a new machine. In each case there must be novelty, but the design need not be useful in the popular sense. It must be beautiful. It must appeal to the eye. The distinction is a metaphysical one, and difficult to put into words. A flying wheel, a wheel revolving rapidly between two outstretched wings, presents a pleasing object to the eye; a graceful pattern for the handle of a spoon or fork may attract many purchasers, and yet it cannot be said that the embodiment of these designs requires an exercise of the "intuitive faculty of the mind" in the sense that this faculty is exercised in inventions like the telephone, or the safety-lamp. The policy which protects a design is akin to that which protects the works of an artist, a sculptor or a photographer by copyright. It requires but little invention, in the sense above referred to, to paint a pleasing picture, and yet the picture is protected, because it exhibits the personal characteristics of the artist, and because it is his. So with a design. If it presents a different impression upon the eye from anything which precedes it, if it proves to be pleasing, attractive, and popular, if it creates a demand for the goods of its originator, even though it be simple, and does not show a wide departure from other designs, its use will be protected. In the active competition of trade a dealer is fairly entitled to the advantage, slight though it be, which attends such enterprise, and a rival in business should not be permitted thus openly and defiantly to invade the ter-

ritory of another. It is so easy for every dealer, with the wide universe before him, to select a design of his own; the appropriation by him of the design of his neighbor is usually so unnecessary and unwarrantable that the law is seldom relaxed for his advantage. It is impossible to read the literature upon this subject without being convinced that the courts, though applying the same rules, have looked with greater leniency upon design patents than patents for other inventions. From the nature of the case it must be so. A design patent necessarily must relate to subject-matter comparatively trivial. The object of the law is to encourage those who have industry and genius sufficient to originate objects which give pleasure through the sense of sight. The case of *Miller* v. *Smith*, 5 Fed. Rep. 359, is exactly in point. It is seldom that two cases are so nearly parallel upon the facts. There the design for lockets, sleeve-buttons, etc., consisted of a rustic letter in relief, ornamented with leaves placed on the line of the letter. The patent was upheld, although the prior art disclosed flat drawings of similar letters, and also rustic letters having branches and sprays of leaves springing from and around them. If there is any difference in the two designs, the preponderance of originality would seem to be in favor of the one in hand. There is no room to doubt that the decision would have been the same had Miller's design been of a rustic letter placed upon a larger letter of leaves, instead of leaves placed upon a rustic letter. To adopt the language of Mr. Justice CLIFFORD, when speaking of proofs very similar to those offered by these defendants:

"Nothing of the exact kind is shown in these exhibits, nor is there anything which can be regarded as proof that the thing patented was known to others before the invention patented was made by the patentees. Many attempts are made to prove that fact, but the proofs all fall short of meeting the requirement."

Upon the authority of this decision the doubt which is entertained upon this question must be resolved in favor of the patent. See, also, *Gorham Co.* v. *White*, 14 Wall. 511; *Simpson* v. *Davis*, 12 Fed. Rep. 144; *Foster* v. *Crossin*, 23 Fed. Rep. 400; *Wood* v. *Dolbey*, 19 Blatchf. 214, 7 Fed. Rep. 475; *Streat* v. *White*, 44 O. G. 1291, 35 Fed. Rep. 426. There should be the usual decree for the complainant.