PELOUZE SCALE & MFG. CO. v. AMERICAN CUTLERY CO. et al.

(Circuit Court of Appeals, Seventh Circuit.  May 31, 1900.)

No. 644.

1. PATENTS—DESIGNS.
    The essence of a design in the view of the patent law resides, not in the elements individually, nor in their method of arrangement, but in the impression made through the eye on the mind of the observer, either of gracefulness or strength, or both combined, but, in any case, of the uniqueness and character of the structure as a whole.

2. SAME—INFRINGEMENT—DESIGN FOR SCALE FRAME.
    The Gilfillan design patent No. 25,327 for a design for a scale frame held not infringed.

Appeal from the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

The bill is to restrain infringement of Letters Patent, Design No. 25,327, dated March 31, 1896, and issued to Essington N. Gilfillan for Design for a Scale Frame. The drawing accompanying the patent is as follows:

The effective portion of the Letters Patent is as follows:

"The leading features of my design consist of a plate A and a standard or upright portion B, having a laterally-projecting arm C, carrying a scale plate or dial D.

"The plate A forms the foot of the scale frame and is arranged in a substantially horizontal position, and from the edge of this plate rises the standard B of frame, from the upper end of which the arm C of frame projects in a substantially horizontal direction. The scale plate or dial D is round or circular and is apparently supported in a vertical plane or upright position at the end of the arm C a short distance above the plate A.

"Having thus described my design, what I claim as new, and desire to secure by Letters Patent, is—

"The design for a scale frame, substantially as herein shown and described."

The appellees' Scale Frame (quarter front view), charged to be an infringement, is as follows:

A side view of the same Scale Frame is as follows:

The first of the following cuts is a side view of appellant's Scale Frame, with mechanism assembled; the second a side view of appellees' Frame, with mechanism assembled, and side plates left off:

F. A. Hopkins, for appellant.
P. C. Dyrenforth, for appellees.

Before WOODS and GROSSCUP, Circuit Judges, and SEAMAN, District Judge.

After the foregoing statement of the case, GROSSCUP, Circuit Judge, delivered the opinion of the court, as follows:

Design, in the view of the patent law, is that characteristic of a physical substance which, by means of lines, images, configuration, and the like, taken as a whole, makes an impression, through the eye, upon the mind of the observer. The essence of a design resides, not in the elements individually, nor in their method of arrangement, but in the tout ensemble—in that indefinable whole that

awakens some sensation in the observer's mind. Impressions thus imparted may be complex or simple; in one a mingled impression of gracefulness and strength, in another the impression of strength alone. But whatever the impression, there is attached in the mind of the observer, to the object observed, a sense of uniqueness and character.

The pith of the design under consideration does not reside alone in the upright standard with its laterally projecting arm. Like standards and arms—for instance, in sewing machines and notarial stamps—are common in the useful arts. The standard, the arm, and the dial, as a whole, conveying the impression that the dial, with the weights common to a scale, is supported by the unaided strength of the standard and arm alone, is the underlying concept of the design. Its claim to novelty and merit as a design, as expressed in the terms of the patent, resides in this appearance of strength.

A single glance at the appellees' Scale Frame reveals the absence of such appearance. The observer's mind sees at once that the attenuated elbow—a single thickness of sheet metal—would not bear the weights ordinarily imposed upon scale frames. The web leading from the dial to the base is neither a non-essential nor a subterfuge—it is seen instantly to be a necessary aid in the task of upholding the load. The impressions conveyed by a look at the two designs are entirely dissimilar; one is that of a strong arm held out to support the load and sufficient to its purpose; the other that of a box-scale frame, each part of which—the frontal sheet included—is essential to support the weight. No one who has caught a sense of the individuality of the former could be misled into confounding it with the latter.

There is, in our opinion, no infringement shown in this case, and the decree of the Circuit Court must, therefore, be affirmed.