## GENERAL GASLIGHT CO. v. MATCHLESS MFG. CO.

### (Circuit Court, S. D. New York. February 26, 1904.)

**1. PATENTS—INVENTION—DESIGNS.**
> Originality and the exercise of the inventive faculty are as essential to give validity to a patent for a design as for a mechanical invention.

**2. SAME.**
> Whenever ingenuity is displayed in producing a new design which imparts to the eye a pleasing impression, even though it be the result of uniting old forms and parts, such production is patentable.

**3. SAME—INFRINGEMENT—DESIGN FOR LAMP.**
> The Humphrey design patent, No. 35,481, for a cluster gas lamp, shows a novel design and discloses invention. Also *held* infringed.

**4. SAME.**
> Where it appears that, by uniting old elements perceivable in other lamp designs, a new lamp of different contour and construction is produced, and where the collocated elements also impart an ornamental and graceful appearance, not possessed by prior lamp designs, the conception is beyond what an ordinarily skilled workman is able to achieve.

In Equity. Suit for infringement of letters patent No. 35,481, for a design for a gas lamp, granted December 24, 1901, to Alfred H. Humphrey. On final hearing.

Dallas Boudeman, W. P. Preble, Jr., and Charles W. Culver, for complainant.

Edward C. Davidson, for defendant.

HAZEL, District Judge. This is a bill for an alleged infringement of design patent No. 35,481, dated December 24, 1901, issued to Alfred H. Humphrey, and by him assigned to the complainant corporation. The specifications state that the invention relates to a design for gas

¶ 1. See Patents, vol. 38, Cent. Dig. § 33.

lamps known as "cluster lights." The defenses chiefly relied upon are want of novelty and noninfringement. It is not seriously controverted that the design embodies features familiarly known, nearly all of which may in some form be found in pre-existing lamps. The proofs do not disclose the prior use of an ornamental lamp similar in design to that described in the specifications. On the contrary, the evidence establishes that no lamp having the shape, configuration, or ornamentation of the lamp design in suit was previously known to the trade. The design patent in question is not for an ornament, pure and simple. The shape and configuration of the lamp also permit its classification as a useful article of manufacture. According to section 4929 of the Revised Statutes [U. S. Comp. St. 1901, p. 3398], the design must be a new and original invention produced by the industry, genius, effort, and expense of the inventor. Whether the design possesses the characteristics of originality and newness must largely, if not altogether, be determined by the visual impressions resulting from its appearance. Matthews & Willard Mfg. Co. v. American Lamp & Brass Co. (C. C.) 103 Fed. 634; Pelouze Scale & Mfg. Co. v. American Cutlery Co., 102 Fed. 916, 43 C. C. A. 52; Smith v. Stewart (C. C.) 55 Fed. 481; Untermeyer v. Freund (C. C.) 37 Fed. 342. The shape and configuration of the lamp, in its entirety; the collocation of its mechanical features; the arrangement of the cluster lights and mantels; the contour and proportions of the bulbous globe; the two metal bands, with their twisted, plaited, and filigree ornamentation—contribute to the creation of a symmetrical form and pleasing appearance. The defendant contends that the prior art discloses substantially similar designs. It is also asserted that any additional elements or substituted features constituting complainant's patent accomplish an artistic result due solely to an assembling of parts obvious to any skilled designer, and not entitled to the dignity of invention. This contention is entitled to careful consideration. It is quite well settled, upon the authority of Smith v. Whitman Saddle Co., 148 U. S. 674, 13 Sup. Ct. 768, 37 L. Ed. 606, that the law which applies to a mechanical patent does not differ materially from that applicable to design patents. Hence originality and the exercise of the inventive faculty must be present in both instances. The mere adaptation of that which was old and familiarly known to new purposes is not invention, nor would the mere aggregation of known parts of other substantially similar designs to produce that under consideration constitute patentability. Perry v. Starrett, 3 B. & A. 485; Simpson. v. Davis (C. C.) 12 Fed. 144, 20 Blatchf. 413; Gorham Co. v. White, 14 Wall. 511, 20 L. Ed. 731. It is quite true that the record shows many lamps of ornamental and graceful appearance, which were known prior to the conception of the design lamp in suit. Furthermore the collocation of different parts of such designs is frequently used to enhance their appearance and salability. The caprice of fashion constantly demands something novel in the art under consideration. However that may be, the principle, as applied to design patents, is unassailable, that whenever ingenuity is displayed in producing something new, which imparts to the eye a pleasing impression, even though it be the result of uniting old forms and

parts, such production is a meritorious invention and entitled to protection. The evidence establishes beyond doubt that the lamp under consideration met with immediate favor from the public on account of its artistic construction. It appears from the evidence of the patentee that his object was to design a lamp peculiarly appropriate for a gas arc lamp of ornate appearance, which would resemble an electric lamp. He began his design in August, 1900, completing the same in October of that year. No other similar lamp, which when lighted appeared like an electric light, was then known. A number of witnesses familiar with gas lighting and the sale of gas lamps testified that there were no lamps on the market resembling the Humphrey design, which insures the illumination of large areas, while its ornate appearance and novel shape quickly achieved popularity. I have looked in vain through the illustrated catalogues submitted in evidence for lamps like that in suit. The prior art does not disclose a lamp in its entirety (and that must be the test of anticipation) which justifies declaring void the Humphrey patent, and thus negativing the presumption of patentability secured to the inventor by the issuance of the patent. Every part used in the Humphrey design is trimmed and united in its construction with the sole object of forming a symmetrical and harmonious whole. This object was achieved as a result of effort, study, and skill, and it is therefore entitled to the dignity of invention.

The question of infringement: The defendant's lamp is apparently identical with that of complainant. There are a few minor differences in detail, but such differences are thought to be immaterial. Gorham Mfg. Co. v. Watson (C. C.) 74 Fed. 418; Whittall v. Lowell Mfg. Co. (C. C.) 79 Fed. 787; Sagendorph v. Hughes (C. C.) 95 Fed. 478; Hutter v. Broome (C. C.) 114 Fed. 655. The configuration, shape, and outline are the same, and only the closest inspection will disclose the slight difference of construction pointed out by the defendant at the argument.

Let a decree be entered for an injunction and accounting as prayed for in the complaint, with costs.