KLINE CHAIR CO. v. THEO. A. KOCHS & SON et al.

(Circuit Court, S. D. New York. May 26, 1905.)

PATENTS—INFRINGEMENT—DESIGN FOR CHAIR.

The Kline design patent No. 26,623, for a design for a chair, *held* valid, but not infringed.

This is a suit in equity for the infringement of design patent No. 26,623, of February 9, 1897, "Design for a Chair." The defenses are noninfringement, anticipation, and want of invention in view of the prior art.

C. V. Edwards (Joseph C. Fraley, of counsel), for complainant.

H. A. Heyn (Bond, Adams, Pickard & Jackson, of counsel), for defendants.

RAY, District Judge. In open court the defendants admitted that this chair is the subject of a design patent, although it is made

and constructed for use solely and is not intended ever for ornamentation. The invention relates, says the patent, to the frame of the chair, and the principal feature of the design is the contour of the frame, consisting in a broad upper portion forming sides or arms for the seat, and having an abrupt or substantially vertical front edge and a sloping rear edge, terminating in a narrow substantially horizontal basal portion. The opening in the side of the chair frame immediately under the arm rest is partly closed by vertical bars. The basal portion is supplemented by an upwardly extending footrest. Nothing is said that this is a barber's chair or intended as such. The brief of the complainant, however, states that the design is employed in barbers' chairs. Both the complainant and the defendants are engaged in the manufacture of this class of chairs. It may be that the complainant's chair made in accordance with the patent, and known as the Kline chair, was patentable under the design patent law. The presumption is in favor of the validity of the patent, and the court will hold the patent valid.

Coming to the question of infringement, this court is of the opinion that the defendants' chair does not infringe. In many respects all barber and dentist chairs resemble each other. Both chairs were in court. The court now has pictures of both chairs before it. The designs of the two chairs are strikingly dissimilar. No person would mistake the one for the other. The large opening in the Kline chair, before spoken of, occupied in part by vertical bars, is of dissimilar shape in the alleged infringing chair, and, instead of being partially filled by vertical bars, is filled by two bars crossing each other diagonally. The footrests are strikingly dissimilar, as are the arm rests. At least a dozen chairs in the prior art are as similar in design and general appearance to the Kline chair as is the alleged infringing chair.

In Weisgerber v. Clowney (C. C.) 131 Fed. 477, it was held that a design patent is addressed to the eye, and is to be judged by its ability to please, and, while there is no objection to the article to which it relates being useful as well as ornamental, such a patent cannot be made to cover a mechanical function or construction. It was also held: "A design patent also, the same as any other, must be possessed of novelty."

Assuming that there is novelty shown in each chair, it is perfectly clear that the one does not infringe the other. The general appearance of the two is dissimilar when we look at the design of the two with a view to discern what is ornamental. As a barber chair or a dentist chair, they are quite similar in general form and construction. The alleged infringing chair does not copy or imitate the Kline chair. It is evident that there was no purpose to imitate or copy the Kline chair. There is no evidence of confusion or mistake among purchasers and users of chairs of this description. The most striking feature of the patented design is the three vertical bars. In the alleged infringement we have something entirely dissimilar.

This court cannot find infringement. The defendants are entitled to a decree dismissing the complaint, with costs.