BUSH & LANE PIANO CO. v. BECKER BROS.

(District Court, S. D. New York. November 8, 1913.)

1. PATENTS (§ 99*)—DESIGNS—DESCRIPTION.

A written description is unnecessary in a design patent, where a drawing or photograph attached clearly shows the design.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 133–135, 137–139; Dec. Dig. § 99.*]

2. PATENTS (§ 43*)—DESIGNS—COMBINATION OF OLD FEATURES.

While a design patent must involve invention, its validity is not negatived by combined features that were separately old, or by features that were separately found in other articles of the same class.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 50; Dec. Dig. § 43.*]

3. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—DESIGN FOR PIANO CASE.

The Lane design patent, No. 37,501, for a design for a piano case, *held* not anticipated, valid, and infringed.

4. PATENTS (§ 252*)—INFRINGEMENT—DESIGNS.

To constitute infringement of a design patent, it is not essential that defendant's design should be a Chinese copy of that of the patent; but it is sufficient if it imparts to the mind the same general idea of appearance and ornamentation, so that purchasers might be deceived.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 394–396; Dec. Dig. § 252.*]

In Equity. Suit by the Bush & Lane Piano Company against Becker Bros. On final hearing. Decree for complainant.

John J. O'Connell, of New York City, for complainant.
John McCormick, of New York City, for defendant.

HAZEL, District Judge. The bill is for infringement of design patent No. 37,501, dated July 25, 1905, for a piano case, and issued to Walter Lane, complainant's assignor. The principal defenses are want of invention, failure to sufficiently describe the design, and noninfringement.

[1] The file wrapper shows that the original application for patent stated that some of the features of the design were the rounded pillar-like corners of the perpendicular ends of the piano case and the round columns under the keyboard extension; but later, at the suggestion of the Patent Office, the detailed description was canceled, and simply the ornamental design for piano case as shown was disclosed, a picture being attached to the patent showing a perspective view of an upright piano embodying the design. The question of whether the substitution of a photograph or drawing attached to the patent for a verbal description avoids the patent is now well settled, for in Dobson v. Dorman, 118 U. S. 10, 6 Sup. Ct. 946, 30 L. Ed. 63, it was decided in favor of the validity of the patent. The drawing of the patent in suit so clearly presents an upright piano with rounded pillars and rounded corners, with upper and lower rectangular paneling—the various elements of the design in question—that a written description

would seem to be wholly unnecessary. See, also, Ashley v. Samuel C. Tatum Co., 186 Fed. 339, 108 C. C. A. 539.

It is contended by the defendant that according to the prior art it was common to ornament upright pianos by putting on the front thereof, at either end of the upper frame, a pilaster or engaged column, either round or square, and to panel the frame and surround it with moulding. Reference, however, to the prior patents and illustrated catalogues in evidence does not show the combination of the elements in suit. Structurally complainant's design for its piano is the same in general appearance as designs for other upright pianos; but it is undeniable that the prior art does not disclose the combination of elements of complainant's design patent, or an upright piano having the massive and attractive appearance of the design in question. On comparison with the prior art, because of the configuration of the columns, the paneling, and the substantiality thereof, it is easily distinguishable from other upright pianos.

[2] It is true enough that a design patent must involve invention; but its validity is not negatived by combined features that were separately old, or by features that were separately found in other articles of this class. I think the combination was new and novel, presenting a distinctive appearance to the piano, an appearance different from that of prior upright pianos, and that the patent granted should be protected from wrongful use by rival dealers. As said by Judge Coxe, writing for the Circuit Court of Appeals in Dominick & Haff v. R. Wallace & Sons Mfg. Co., 209 Fed. 223, recently decided:

"The policy which protects a design is akin to that which protects the works of an artist, a sculptor, or photographer by copyright. It requires but little invention, in the sense above referred to, to paint a pleasing picture, and yet the picture is protected, because it represents the personal characteristics of the artist, and because it is his. So with a design."

And in Untermeyer v. Freund (C. C.) 37 Fed. 342, it was held that, where there is doubt of the patentability of a design for ornamentation, the fact that it "creates a demand for the goods of its originator, even though it be simple, and does not show a wide departure from other designs," will entitle it to protection. That complainant's design for piano case was popular, and that pianos constructed in accordance therewith sold readily, are fairly shown by the testimony found in the record.

[3] Inspection of the picture in evidence of the upright piano manufactured and sold by the defendant company compels me to conclude that the defendant's production has not only the same general appearance as the patented design, but that there is such a close simulation as to the details of construction—the rounded pilasters or columns, the upper and lower paneling, and the massiveness thereof—that a person desiring to buy an upright piano constructed in accordance with the original patented design could, because of the said similarity of appearance, be deceived into buying defendant's piano.

[4] To constitute infringement, it is not absolutely essential that the defendant's design for its piano should be a Chinese copy of complainant's; but, under the doctrine of Gorham Co. v. White, 14 Wall.

511, 20 L. Ed. 731, infringement is complete if the defendant's piano imparts to the mind the same general idea of ornamentation and appearance as does complainant's design.

There were other defenses presented, which have been inquired into; but they are either insufficient in law or are not borne out by the facts.

The complainant is entitled to a decree for an accounting, with costs; but, as the patent has expired, there will be no injunction.