GRELLE et al. v. CITY OF EUGENE, OR., et al.

(Circuit Court of Appeals, Ninth Circuit. February 15, 1915.)

No. 2456.

1. PATENTS ☞252—DESIGNS—NEW ASSEMBLING OF OLD ELEMENTS.
   That each separate element in a patented design was old does not negative invention, which may reside in the manner in which they are assembled.
   [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 394–396; Dec. Dig. ☞252.]

2. PATENTS ☞28—INFRINGEMENT—DESIGNS.
   The test of infringement of a design patent is whether the two designs, viewed separately, would appear to be identical to the eye of an ordinary observer.
   [Ed. Note.—For other cases, see Patents, Cent. Dig. § 33; Dec. Dig. ☞28.]

3. PATENTS ☞328—VALIDITY AND INFRINGEMENT—DESIGN FOR LAMP POST.
   The Grelle design patent, No. 43,338, for a design for a five-light lamp post, held valid, but not infringed.

Appeal from the District Court of the United States for the District of Oregon; Chas. E. Wolverton, Judge.

Suit in equity by Charles Edward Grelle and the Independent Foundry Company against the City of Eugene, Or., and M. E. Griggs. Decree for defendants, and complainants appeal. Affirmed.

Suit by the appellants (plaintiffs in the court below) for damages for alleged infringement by appellees (defendants in the court below) of letters patent No. 43,338, for an ornamental design for a five-light lamp post, issued by the United States Patent Office to Charles Edward Grelle, on December 10, 1912, and for an injunction restraining the appellees, and each of them, from making, selling, or using any lamp post infringing such patent.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

T. J. Geisler, of Portland, Or., for appellants.

G. F. Skipworth, of Eugene, Or., and John M. Pipes and Geo. A. Pipes, both of Portland, Or., for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge. The plaintiff, Charles Edward Grelle, is the owner and holder of letters patent of the United States No. 43,-338 for an ornamental design for a five-light lamp post. The plaintiff the Independent Foundry Company, of which Grelle is president, is engaged in the manufacture and sale of lamp posts designed in conformity with the patent issued to Grelle, under and by virtue of an exclusive license from Grelle. It is alleged in the bill that the city of Eugene, Or., without the consent of the plaintiffs, and with full knowledge of the issuance to Grelle of the letters patent in suit, procured from the Gross Bros. Iron Works lamp posts the design of which infringed the design patent issued to Grelle; that the city of Eugene thereafter sold one of such lamp posts to the defendant Griggs, a resident of the city of Eugene, and caused the post so sold to be erected on the sidewalk in front of the premises owned by Griggs; that the city of Eugene has, without the consent of the plaintiffs, sold and erected other lamp posts which infringe the design patent owned and held by Grelle; that the city of Eugene, through its water board, is engaged in furnishing electricity for, and is lighting, maintaining, using, and operating such lamp posts, and is profiting by the use and operation thereof; that the defendant Griggs maintained and used the lamp post erected in front of his premises by the city of Eugene, with full knowledge that it was an infringement of the Grelle patent, and in violation of the rights of the plaintiffs in the premises.

The defendants in their answer to the bill set up the usual defenses in cases of this character: First, that the design patent which the plaintiffs claim to have been infringed is not the result of inventive genius, is not novel in any way, would not require the exercise of originality or inventive faculties in designing, was not patentable, and the patent issued to Grelle was therefore void; second, that the posts purchased and erected by the city of Eugene in no respect constituted an infringement of the Grelle patent. Each of these defenses is urged in this court.

[1] 1. There is a presumption, of course, in favor of the validity of a patent, and the task of proving its invalidity is imposed by the law upon the party so alleging. In the present case we are of opinion that the defendants have not sustained that burden. The record reveals testimony tending to show that the design of various parts of the Grelle lamp post—the base, the column, and the arms—was not new, and that similar designs had been in use for many years. But it appears from the testimony of the defendants' own experts that the combination of the various designs as disclosed by Grelle's post was new. This is the true test. That each separate element in a patented design was old does not negative invention, which may reside in the manner in which they are assembled, since it is the design as a whole, and the impression it makes on the eye, which must be considered. Graff, Washbourne & Dunn v. Webster, 195 Fed. 522, 115 C. C. A

432; Gen. Gaslight Co. v. Matchless Mfg. Co. (C. C.) 129 Fed. 137; Bush & Lane Piano Co. v. Becker Bros. (D. C.) 209 Fed. 233.

2. The second defense interposed by the defendants—that the lamp posts purchased and erected and operated by the city of Eugene do not infringe the design patent of Grelle—presents a more difficult question. For the purpose of comparison, the posts in controversy are here inserted:

Plaintiffs' Post                    Defendants' Post

For the purpose of this opinion we adopt the descriptions of the lamp posts as set forth in the opinion of the court below. Each consists of a base, a cylindrical column diminishing at the top, a shoulder or head from which four arms extend, and a single light with a globe at the top. The four arms extend from the head or shoulder at an

angle of 45 degrees, more or less, and curve downward at the outer ends, from which the lamps with globes are suspended, so that the lamps with the extremities of the arms hang perpendicular. The base of the Grelle post is cylindrical and fluted, having a cap at the top, also cylindrical, upon which rests the column. At the base of the column above the cap is a mold for ornamental effect. At the top of the column is a cap, with molding underneath, upon which rests the shoulder or head, and on top of that is another cap, above which extends the single light. Both of the upper caps and the shoulder or head are cylindrical. The arms are also cylindrical and fluted, broadening at the base, and so shaped as to fit the shoulder. The base of the post purchased and erected by the city of Eugene is square in form, with paneling for ornamental appearance. At the top of this is a cap, which is also square, above which rests the column. It has a cap at the top of the column, as has the Grelle post; but this cap is square in form. The shoulder or head is also square, and the cap above that is square. The arms are square, with panel ornamentation, and the curves at the outer extremities drop a little more abruptly than those of the Grelle design.

Y. P. Hensill, a witness for the defendants, described the distinguishing features of the two posts as follows:

"The type 'S' post [the Grelle post] has a round base, with more moldings than the city's post. The type 'S' post has a fluted base; the city's post is square, with a square sunk panel. The type 'S' post is more ornate at the base of the shaft than the city's post. Both posts have fluted columns. Type 'S' post has a round cap or head. The city's post has a square, with sunk panels. The type 'S' post is ornamental. There is a difference in the shape of the arms. One is round—the type 'S' post is round, increasing to elliptical, while the city post, the arms are square, with a square panel, or with a sunk panel shaped similar to the outline of the arm."

The learned judge of the court below had before him a lamp post designed in conformity with the specifications of the Grelle design patent, and also a post similar to the posts purchased, erected, and operated by the city of Eugene. We have not been favored with these posts, nor with models thereof. The court below found that the lamp post adopted by the city of Eugene was not an infringement of the Grelle design patent, and, under such circumstances, its finding is entitled to great weight.

[2] The leading case upon the subject of design patents is Gorham v. White, 14 Wall. 511, 20 L. Ed. 731. That was a suit by the plaintiff to enjoin the defendant from manufacturing spoons and forks alleged to infringe the plaintiff's design patent. The rule was there laid down that the true test of identity of design was the sameness of appearance; that mere difference of outline in the drawing or sketch, a greater or smaller number of lines, or slight variations in configuration, if insufficient to change the effect upon the eye, will not destroy the substantial identity; that an engraving which has many lines may present to the eye the same picture, and to the mind the same idea or conception, as another with much fewer lines; that it is not essential to identity of design that the appearance should be the same to the eye of an expert. "If, in the eye of an ordinary observer, giv-

ing such attention as a purchaser usually gives, two designs are substantially the same—if the resemblance is such as to deceive such an observer, and sufficient to induce him to purchase one, supposing it to be the other—the one first patented is infringed by the other." This rule has been uniformly followed in cases involving design patents. Wood v. Dolby (C. C.) 7 Fed. 475; Jennings v. Kibbe (C. C.) 10 Fed. 669; Tomkinson v. Willets Mfg. Co. (C. C.) 23 Fed. 895; Ripley v. Elson Glass Co. (C. C.) 49 Fed. 927; Hutter v. Broome (C. C.) 114 Fed. 655; Gen. Gaslight Co. v. Matchless Mfg. Co. (C. C.) 129 Fed. 137; Kline Chair Co. v. Theo. A. Kochs & Son (C. C.) 138 Fed. 90; Graff, Washbourne & Dunn v. Webster, 195 Fed. 522, 115 C. C. A. 432; Macbeth-Evans Glass Co. v. Rosenbaum Co. (D. C.) 199 Fed. 154; Bush & Lane Piano Co. v. Becker Bros. (C. C.) 209 Fed. 233.

There is in this case no testimony tending to show confusion or mistake among purchasers and users of lamp posts manufactured and sold by the plaintiffs, nor is there any testimony of additional sales by the plaintiffs due to the popularity with which the Grelle design was received by the public.

[3] Testing the question of infringement by the rule laid down in Gorham v. White, supra, we think the lamp posts erected and operated by the city of Eugene present features which to the eye of an ordinary observer, giving such attention as a purchaser would usually give, would readily distinguish them from the lamp post covered by the Grelle patent. There are two features of the lamp posts in suit which we think render their dissimilarity so marked that one could not readily be mistaken for the other: (1) The general scheme of the Grelle post is round; the general scheme of the defendants' post is square. (2) Each of the parts of the Grelle post is richly ornamented; the defendants' post, with the exception of the post proper, or column which extends from the base to the head, is severely plain. The only similarity between the posts consists in the column or shaft, which in each post is of the design known as fluted, corrugated, or grooved. In the nature of things, lamp posts manufactured for use in city streets must possess many features in common. In general form they must of necessity be somewhat the same. As stated by one of the defendants' experts:

"There is not much chance for originality. The only chance for originality the designer has in designing a post is in the detail."

There is an additional reason why the defendants' post should not be held to be an infringement of the Grelle patent. In the decisions which we have cited there were involved alleged infringements of design patents for silverware, ornaments, dishes, lamp shades, and similar articles. There is this distinction between such cases and the case at bar. In those cases the object and purpose of the specific design was to excel in artistry and ornamentation. In the present case it appears from the record that the object of the defendants in adopting the design of post claimed to infringe the Grelle patent was a practical one. The post was designed by Alvin Meyers, superintendent of the Eugene city water board. It appears from his testimony that

he made the design exceedingly plain, so that it would not catch dust to the extent that the other posts would with their extreme ornamentation; that he considered that he had designed a post which would present a much better appearance during a dusty summer. It is a fact not to be controverted that a lamp post containing little or no ornamentation will catch less dust than one possessing great ornamentation. The purpose and object of the Grelle patent was to excel in artistic effect. This was not the primary purpose and object of the defendants' post, and, while we think it had a meritorious design, the fact that the design of their post was primarily to accomplish a practical object—an object not necessarily connected with and obviously independent of the design of the Grelle post—affords cogent proof that the design of the defendants' post was not intended to, and, as a matter of law, cannot be held to, infringe the Grelle patent.

The plaintiffs lay great stress upon the fact that a cross-section drawing of the Grelle post would be identical with a cross-section drawing of the defendants' post, and that from such drawings one could not tell whether the posts were square or round. But, as we have pointed out, that is not the true test. It is the appearance to the eye that constitutes mainly, if not entirely, the contribution to the public which the law deems worthy of recompense. Gorham Co. v. White, supra.

The decree of the court below is affirmed.