### HERZOG v. LESSER et al.

District Court, E. D. New York. January 5, 1929.

No. 3155.

Charles Neave, of New York City, for plaintiff.

John M. Cole, of New York City, for defendants.

CAMPBELL, District Judge. This is a suit in equity for the alleged infringement of design patents No. 69,275, for finger ring or similar article, issued to plaintiff, dated January 19, 1926, on an application filed August 6, 1925, and No. 69,451, for finger ring or similar article, issued to plaintiff, dated February 16, 1926, on an application filed November 6, 1925.

The earlier patent, No. 69,275, is for an ornamental design for a wedding ring, which consists principally in the side portions and edge, but no particular design is shown for the face of the ring. The later patent, No. 69,451, shows a definite flower design for the face of the ring.

The purpose of the first patent is stated to be, to produce a glittering effect. The effect of the second patent is stated to be, not that of a series of flowers, but closely approaches the effect of glittering stones such as diamonds.

Rings surrounded with set stones, particularly diamonds, have become quite popular as wedding rings in the place of the plain gold bands formerly used, but of necessity the element of cost enters largely into the purchase of a diamond wedding ring, and it was to serve those who could not afford to purchase the diamond rings, but desired one that resembled them, that the plaintiff produced his design.

The effect on the naked eye of the ring

made according to plaintiff's patents, when seen from a distance, is that it is set with a poor quality of diamonds, but when examined with a glass it is seen to be all metal. The effect is obtained by cutting the flowers in such a way that they will contain a number of facets which will catch and reflect the light, giving the impression of a series of glittering stones, and this effect is also heightened by the serrations along the side of the ring separating the flowers as though they were separate stones.

■ There is no double patenting, nor does the earlier patent anticipate the later patent, as the designs relate to different portions of the ring, and therefore both designs may be and are shown on the same ring.

■ The Woznica design patent, No. 48,213, dated November 23, 1915, does not anticipate either of the patents in suit, but is for a different design, and the flowers are not of such form or cut in such fashion as to give the appearance of a series of glittering stones, nor has it the serrations at the side.

This was the same view held by the Patent Office as the Woznica patent was there cited as a reference against plaintiff's second design patent, but the patent issued over that reference.

The defendants attempted to show prior use by Woznica and the Traub Manufacturing Company, but the ring manufactured by them known as the "Orange Blossom," Plaintiff's Exhibit 5, is very different in design and does not produce the effect of a series of glittering stones. It does not ·seem to me that any purchaser would be deceived. None of the rings offered in evidence to show the prior state of the art in any way tend to limit the patents in suit, because they differ so radically from the designs of the patents in suit.

No defense of prior knowledge or use by Mr. Kalisher, the maker of the alleged infringing ring, was interposed; but in any event the time of the making of rings similar to the alleged infringing ring was not by any convincing evidence carried back of the date of the filing of the application of the first patent in suit. As to the ring which Mr. Kalisher said was the older ring, Defendants' Exhibit D, no documentary evidence of any kind was produced to show the date of the ring, nor was there any corroborating oral testimony to fix the date; but even if it had been shown to be a part of the prior art, its design is very different from those of the patents in suit, in that it does not produce the effect of a ring set with a series of glittering stones.

The designs of the patents in suit possess artistic merit and represent more than the mere skill of one versed in the art. The patents are valid.

■ The characteristics of the designs of the patents in suit, as they impress themselves on my mind, are embodied in the design of the ring sold by the defendants, and I am convinced that an ordinary buyer, having seen plaintiff's designs, would be likely to mistake the defendants' ring therefor, and this constitutes infringement. Ashley v. Weeks-Numan Co. (C. C. A.) 220 F. 899, 903. Viewing the alleged infringing ring with the naked eye, it imparts to my mind the same general idea of ornamentation and appearance as does plaintiff's design, and in this opinion I am in accord with Mr. Healy, a disinterested jeweler of high standing, called as a witness for the plaintiff. This is evidence of infringement. Bush & Lane Piano Co. v. Becker Bros. (D. C.) 209 F. 233, 235. There are minute differences between defendants' and plaintiff's designs, but these differences would never be noticed by the ordinary purchaser, because they do not produce any change in the effect made upon the eye from that produced by plaintiff's design, and defendants cannot escape infringement by making changes most of which, except the difference in the number of petals of the flowers, require the use of a glass to discover them.

■ The true test seems to me to be the effect produced upon the eye, whether there has or has not been that appropriation of essentials, or substantial appropriation, which constitutes infringement. Wilson v. Haber Bros. (C. C. A.) 275 F. 346, 347. Or, as was said in the Ninth Circuit, in Zidell v. Dexter (C. C. A.) 262 F. 145, 147: "The differences in designs, which under the patent law will avoid infringement, are differences which will attract the attention of the ordinary observer, giving such attention as the purchaser usually gives in buying articles of the kind in question and for the purposes for which they are intended."

The defendants' ring infringes both of the patents in suit.

Plaintiff having waived an accounting for profits and damages, a decree may be entered in favor of the plaintiff against the defendants for an injunction and costs. Settle decree on notice.