## In re MERRITT.

Court of Customs and Patent Appeals.
December 2, 1929.

Patent Appeal No. 2142.

Edward H. Merritt, of New York City, and James Atkins, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge. Edward H. Merritt, the appellant, filed an application for a design patent August 21, 1925. The application was rejected by the Acting Examiner of Designs July 7, 1926. This decision was sustained by the Board of Examiners in Chief March 27, 1927, and by the Commissioner of Patents on August 29, 1927. This appeal follows.

■ The design upon which the appellant seeks a patent is for a flag. This flag is said to be the official flag of the Ancient Arabic Order of Nobles of the Mystic Shrine, and is oblong in shape, has three horizontal stripes of red, yellow, and green, from top to bottom, the middle stripe being wider than the others and bearing thereon a representation of the emblem of the Mystic Shrine and the letters A. A. O. N. M. S.

In rejecting the application, reference is had to design patent to Penfold, No. 29,462, which shows and describes the official emblem of the Mystic Shrine; to Turner, design patent No. 40,336, which shows a flag of three horizontal stripes of uniform width, the middle stripe bearing inscribed thereon letters and emblems; to items 292,700 and 154, page 21, Meyers' Military Shop, 1907; and to items on page 60, "Flags of Maritime Nations," published in 1899.

By reference to the said authorities, we find that the national flag of Bolivia is and was, at the time of the filing of this application, composed of horizontal stripes of uniform width, but of the same color combination as the design herein involved and oblong in shape. It also appears that several of the official flags of the kingdom of Spain are and were at the time of said application, composed of three horizontal stripes, the central stripe being much wider than the other two, as in the design here involved. These flags, while shown to be square or pennant shaped, bear upon their middle stripes various emblems symbolic of nationality and rank.

■ The mere fact that all the elements of a design may be old does not prevent the design from being patentable. The novelty of the design must be judged from its appearance as a whole. A new combination of well-known elements may be the subject of a design patent. General Gaslight Co. v. Matchless Mfg. Co. (C. C.) 129 F. 137; Knapp v. Will & Baumer Co. (D. C.) 253 F. 191; Bayley & Sons v. Standart Art Glass Co. (C. C. A.) 249 F. 478; In re Hadden, 57 App. D. C. 259, 20 F.(2d) 275.

■ But it is well settled that the design, to be patentable, must possess originality. There must be evident the exercise of the inventive faculty or a design patent will not be granted. Gross v. Norris (D. C.) 18 F.(2d) 418; In re Owen, 58 App. D. C. 129, 25 F. (2d) 776; Franklin Knitting Mills v. Gropper Knitting Mills (D. C.) 7 F.(2d) 381; Smith v. Whitman Saddle Co., 148 U. S. 674, 13 S. Ct. 768, 37 L. Ed. 606.

We agree with the Patent Office that there is no novelty or originality shown in the design here involved. Every element in it is old, and the arrangement is old. Simply substituting the emblem and letters of the Mystic Shrine for other emblems and letters does not make it new.

The decision of the Commissioner is affirmed.

Affirmed.