## DICKEY v. UNITED STATES.
### No. 47558.

United States Court of Claims.
July 11, 1949.

742

Edwin C. M. Dickey, pro se.

W. W. Fleming, Washington, D. C., with whom was H. G. Morison, Asst. Atty. Gen., for the defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

## PER CURIAM.

Plaintiff alleges infringement by the United States of a design patent issued November 6, 1928. The patent covered a "Combination Bookcase and Desk Cabinet or Similar Article."

The design is shown in finding 3. The description is set out in the same finding.

No evidence was offered that plaintiff at any time manufactured or sold any articles made under the patent in suit, or that he licensed anyone else under the patent.

The plaintiff alleges an unauthorized use by the defendant of the inventions in three different articles, to wit, a secretary-bureau, a safe locker, and a dental cabinet.

The defendant pleads noninfringement and anticipation by the prior art.

The patent expired November 6, 1942. The original petition was filed December 18, 1946. The period of accountability, under the six-year statute of limitations governing our jurisdiction, is the time between December 18, 1940, and November 6, 1942.

█ The numerous items comprising the desk cabinet such as bookcase doors, drawers, cabinet doors, and tapered legs, had all been used in furniture long before the filing of the plaintiff's application. The claim to novelty must rest upon the arrangement of these items as a whole. Pelouze Scale & Manufacturing Co. v. American Cutlery Co., 7 Cir., 102 F. 916, 918.

█ A secretary-bureau used by the Navy Department during the period involved is shown in the cut accompanying finding 8, and the accompanying description in the same finding sets out the details of the Navy secretary-bureau. We are unable to find a sufficient identity of appearance between this article and plaintiff's design to constitute an infringement.

A safe locker which was used on certain battleships is described in finding 14 accompanied by a cut. We do not believe that this safe locker infringes the Dickey patent.

We reach the same conclusion in reference to the dental cabinet listed and described in findings 10 to 12, inclusive.

None of these articles meet the test of infringement laid down by the Supreme Court in Gorham Mfg. Co. v. White, 14 Wall. 511, 81 U.S. 511, 518, 20 L.Ed. 731.

In addition the prior art reveals previous patents more closely resembling the articles used by the Government than those described in plaintiff's patent. The Shulin patents set out in findings 15 and 16 preceded plaintiff's patent by several years. Also the Government's Norfolk Naval Shipyard manufactured a secretary-bureau during the period 1921–1926 almost identical with the secretay-bureau which plaintiff claims infringed his patent. These articles are described in findings 17 to 20, inclusive.

█ The Government, being sovereign, can be sued only in respect to matters and subjects in connection with which it has given consent to be sued. In giving that consent it may lay down the limitations and restrict in any way the scope of that consent.

The scope of allowable recovery in cases of patent infringement by the Government is clearly defined by the law and by the Supreme Court in interpreting and applying the law.

Under the law and the rules laid down to govern such matters we are unable to find, under the facts disclosed by the record, any sufficient grounds for recovery by the plaintiff.

Plaintiff raises some other issues and asks for other types of relief over which this court has not been given jurisdiction, and the merits of which we are not authorized to consider.

Plaintiff's petition is therefore dismissed.