## WAUKESHA HYGEIA MINERAL SPRINGS CO. v. HYGEIA SPARK-LING DISTILLED WATER CO.

(Circuit Court of Appeals, Seventh Circuit. October 1, 1894.)

No. 116.

1. TRADE-MARKS—RIGHTS DEFINED BY CONTRACT.
   Where two parties have been using similar trade-marks, a contract between them whereby one party is to use one form of the trade-mark in connection with certain words, and the other is to use another form of it in connection with other words, followed by the use of such trade-marks for several years in accordance with the terms of the contract, establishes the rights of the parties, and is binding upon their assigns and successors in business.

2. SAME—CONTRACT—RECORD IN PATENT OFFICE.
   Such contract is not recordable in the patent office, since it is not a transfer of a right to use a trade-mark.

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

Suit for injunction by the Hygeia Sparkling Distilled Water Company against the Waukesha Hygeia Mineral Springs Company. Complainant obtained a decree. Defendant appeals.

The appellee, Hygeia Sparkling Distilled Water Company, filed its bill in equity for an injunction restraining the appellant, Waukesha Hygeia Mineral Springs Company, from using the word "Hygeia" as a trade-mark or name for drinking waters, except in the way specified in a contract entered into August 20, 1886, between the appellee and the appellant's predecessors. The appellant answered, and filed a cross bill; the answer denying the equities of the bill, asserting right in appellant to use the word "Hygeia" broadly as a trade-mark, and claiming that the alleged contract with its predecessor is not binding upon the appellant, for want of record or notice, and is not enforceable in equity for various reasons; the cross bill alleging that the appellant is entitled to exclusive use of the word as a trade-mark, and praying that the appellee be enjoined. The decree is for a perpetual injunction in favor of the appellee in accordance with the allegations and prayer of the original bill. The appellee is a manufacturer of distilled water, to which the trade-name of "Hygeia" had been applied for some time prior to 1886. The appellant is the owner of a spring at Waukesha, Wis. (acquired by it in 1891, under title derived from the Smiths, who made the contract of 1886), to which the name of "Hygeia" had been applied, and its waters were marked with the name "Hygeia" as part of the designation, prior to 1886. The spring was owned and its business conducted by James H. and Charles T. Smith, in and prior to 1886; and to avoid controversy with reference to a trade-name, under threats of prosecution by the appellee, a contract was entered into between the appellee, as first party, and the Smiths, as second parties, August 20, 1886, which recited that the first party was engaged in the manufacture of distilled waters, and "used as the essential feature of its trade-mark the word 'Hygeia' and a figure of the goddess of Hygeia," there shown; that the second parties were owners of a natural mineral spring at Waukesha, called the " 'Hygeia Natural Mineral Spring,' and have used as the essential feature of their trade-mark in the sale of the waters of said spring the words 'Waukesha Hygeia Mineral Spring,' together with a figure of the goddess of Hygeia," which is also shown in the contract; and that they desire to avoid conflict and infringement in the use by both of their respective trade-marks," and to that end have entered into contract. Thereupon, "in consideration of the premises, and of five hundred dollars" paid by the first party to the second parties, the following provisions are made: "First. And the party of the first part shall have, and is hereby recognized as having, the exclusive right both to use the word 'Hygeia' and the figure of which the first above is

a fac simile, in connection with the distilling of water and the manufacture and sale of carbonated and artificial mineral waters, vichy, seltzer, ginger ale, etc., made by distilled water. The said party of the first part, however, shall not in any way or manner use the said word 'Hygeia' in connection with any natural mineral spring water, and shall not likewise use the words 'Natural' or 'Spring' water in or upon any stamp, cork, label, circular, advertisement, sign, bill head, letter head, etc., in any way or manner calculated to deceive or mislead the public. Second. The said parties of the second part shall have, and are hereby recognized as having, the exclusive right forever in and to the use of the said word 'Hygeia' in combination with 'Waukesha Hygeia Mineral Spring' with or without the word 'Water' superadded, and of the figure of which the second above is a fac simile, including said word 'Hygeia' as now a part thereof, used in any manner or connection with the bottling, putting up, and sale of the waters, whether carbonated or in said spring so situated at Waukesha, Wisconsin, as aforesaid, and of ginger ale the waters for which are from said spring. They shall not, however, use the said figure except in connection on the same label, etc., with said combination 'Waukesha Hygeia Mineral Spring,' and they shall not in any way or manner use the said word 'Hygeia' otherwise than in connection with said figure, and in such combination as above indicated on any stamp, cork, label, circular, advertisement, sign, bill head, letter head, etc. They shall not use the said word, figure, or combination in connection with distilled water, nor in connection with any other water than said spring water." The testimony on the part of the appellee is directed to showing their use of the trade-mark prior to this contract (having registered it in the patent office in December, 1883); and that, for the several years that intervened between the making of the contract and the purchase by the appellant, there was strict compliance with the provisions of the contract by both parties, and the appellee expended large sums in reliance upon it, giving great value to its trade-mark. The testimony of the appellant is mainly directed to showing in contravention of the contract that its predecessors named their spring "Hygeia," and had appropriated and used that as the distinguishing word in the combination of words by which the water was known and put upon the market, prior to any use by the appellee; that the appellant had no notice, actual or constructive, of the contract made by its predecessor in title, and was a bona fide purchaser; that the contract was an imposition upon the Smiths, and was harsh and inequitable; and that the appellant's predecessor was not incorporated at the time of entering into the contract.

Banning, Banning & Payson (William B. Keep and Frank O. Lowden, of counsel), for appellant.

Isham, Lincoln & Beale and Herrick & Allen, for appellee.

Before JENKINS, Circuit Judge, and BUNN and SEAMAN, District Judges.

SEAMAN, District Judge (after stating the facts). The complainant, Hygeia Sparkling Distilled Water Company, seeks to restrain the Waukesha Hygeia Mineral Springs Company from use of the word "Hygeia" as a trade-name for its waters otherwise than specified in a contract entered into August 20, 1886, between complainant and defendant's predecessors. The defendant (appellant here) seeks to ignore or avoid that contract, and claims prior appropriation of the word, as the distinguishing name of its waters, and prays, by cross bill, for an injunction restraining the complainant from using the word in its corporate name or trade-mark.

The controlling question in this controversy is whether or not the contract is operative between these parties for the purpose of establishing and defining their respective trade-mark rights, in con-

nection with the testimony of subsequent conduct. If the contract governs, the proof tending to show priority of use is immaterial, and the complainant is entitled to protection against employment of the word "Hygeia," as a trade-name for waters, without the qualifying words provided by the contract. If the contract is excluded, the complainant fails to establish a case of prior appropriation of the name, on this record at least; and it would remain to inquire whether the defendant was entitled to affirmative relief. The contract of August 20, 1886, was between the complainant, of the one part, and James H. and Charles T. Smith, defendant's predecessors, of the other part, after each had undisputedly employed the word "Hygeia" as a portion of the trade-name of their respective waters. The record shows clearly that the purpose and provisions of the contract were well understood by the original parties; that it was executed deliberately, after considerable negotiation, and was followed by constant and (apparently) satisfactory compliance by both parties for several years, without dissent or disturbance, until after the defendant purchased and commenced operations. There is no foundation for the objection that the contract was obtained unfairly, and the adequacy of the consideration paid the Smiths is not here open to question. The agreement recited that the complainant was engaged in the manufacture or preparation of distilled waters, for which it had used as the essential feature of its trade-mark the word "Hygeia" and a figure of the goddess Hygeia; that the Smiths owned a spring at Waukesha, called the "Hygeia Natural Mineral Spring," and had used as the essential feature of their trade-mark, in the sale of the waters, the words "Waukesha Hygeia Mineral Spring," together with another figure of the goddess Hygeia. It does not assert priority for either, and, if its statement of the existing trade-mark of the Smiths be taken as true, the use of the word "Hygeia" in the combination there shown, prior to any use by the other party, was not conclusive of a right to the single word as a trade-mark. Whether it or the word "Waukesha" was the distinguishing word was at least open to question, and dependent upon circumstances. In that view, and, as the contract states, "to avoid conflict and infringement in the use of both of their respective trade-marks," an agreement between the users would seem commendable, and for the best interest of the parties and the public, if it could be reached and made effective for mutual protection. This contract was thereupon made, and it provides, in clear and unequivocal terms, for recognition and preservation of the then existing forms of trade-mark which are there recited as the exclusive right of each respectively, viz.: (1) The first party to use the word "Hygeia" and its figure of the goddess, in connection only with its "distilling of water and the manufacture and sale of carbonated and artificial mineral waters, vichy, seltzer, ginger ale, etc., made of distilled water," and not to use the word "Hygeia" in connection with natural mineral or spring water, or the words "Natural" or "Spring" water upon any label, etc., calculated to deceive the public; and (2) the second parties to use "the word 'Hygeia' in the combination 'Waukesha Hygeia

Mineral Spring,' with or without the word 'Water' superadded," and its figure of the goddess, "including said word 'Hygeia' as now a part thereof," in connection with "the bottling, putting up, and sale of the waters, whether carbonated or not, of said spring," and of ginger ale made of said waters; but the figure was only to be used in connection and upon the same label with the combination "Waukesha Hygeia Mineral Springs," and "they shall not in any way or manner use the word 'Hygeia' otherwise than in connection with said figure, and in such combination as above indicated," on any stamp, label, etc., and shall not use either in connection with any other than said spring water. It is not an attempt to transfer or license the use of a trade-mark, or any rights therein, or in any word thereof, but fixes and defines the existing trade-mark of each, that confusion and infringement may be prevented. If the word "Hygeia" had been used by the second party, at any time, otherwise than in the combination named, such use was thereupon and thereafter abandoned,—declared without right, and of no effect. The contract operates by way of estoppel upon each of the contracting parties, precluding each from "saying that that which by the intervention of himself or his has once become accredited for truth is false." 2 Best, Ev. (Morgan's Ed.) § 534. Between the parties and those claiming under them, it may well constitute the fundamental evidence of what was adopted by each as a trade-mark; while trade-mark rights are established by the testimony of subsequent exclusive use, respectively, in accordance therewith. The contract does not create the trade-mark, but it is clear evidence of its purpose and elements. Its provisions tend directly to the end for which the law of trade-marks has been evolved, viz. for protection of the public as well as the owner from imposition,—"that one man is not allowed to offer his goods for sale, representing them to be the manufacture of another trader in the same commodity." McLean v. Fleming, 96 U. S. 245. This is the view in which complainant's bill sets up the contract; and the action is not in the nature of specific performance, as the defendant's contention would have it treated, but is clearly for the enforcement of alleged trade-mark rights.

Infringement in this case is undisputed. The single word "Hygeia" is used by the defendant for the Waukesha water, upon labels and advertisements, without any of the other words designated therefor by the contract, and duplicating the complainant's trade-name. If the Smiths were thus infringing, the relief prayed for would be granted as a matter of course, under the operation of the contract above expressed; and the only question which remains for consideration is whether the same rule is enforceable against the defendant, a purchaser, in 1891, of the property and rights of the Smiths in the Waukesha water. The claim is made in behalf of the defendant that the contract is not operative against it (1) because of a bona fide purchase without actual or constructive notice of its terms; (2) that it should have been recorded in the patent office, under the trade-mark act of 1881, to make it effective against an innocent purchaser. Neither of these propositions is tenable.

(1) The purchase was not of the character which protects the buyer from equities existing against the seller. Only such trade-mark rights were obtained as were then vested in the Smiths and their assigns, viz.: in 1891, five years after the contract was entered into, when the trade-mark of each had become established in accordance with the definitions of the contract. The purchaser found its trade-name, "Waukesha Hygeia Mineral Spring Water," in constant and well-settled use; and found the complainant using the word "Hygeia" for its distilled waters. This was, at least, notice of the conditions existing under the contract. The defendant can assert no monopoly in the name "Hygeia" unless it can show right through the Smiths. No larger claim can be maintained than was possessed by the source of title, and the right is subject to the same equities, abandonment, or estoppel which could be asserted against the vendor. (2) The contract was not recordable under the trade-mark act. Section 12 is cited as applicable, but it does not provide for record of any instrument except transfers of the right to use trademarks. As this contract is not a transfer or assignment, and does not purport to give benefits to one which were claimed to be vested in the other, or to confer any new rights, it is not within the act. The fact that complainant had recorded its trade-mark in the patent office would therefore neither require nor permit record of the contract which effected no change in it. That which was entered of record was the same which was specified and retained in the contract. The trade-mark, when established, is valid and entitled to protection, whether registered or not. If the fact of registry confers any benefits, it is only those which are specially provided in the act of congress, and not covered by the common law rule.

The appellant urges as a further objection to the decree that the appellee must be barred from any relief because it is disclosed that at some time during its inception the trade-mark was employed by parties in the name of a corporation, when there was no corporation in fact, violating a criminal statute of the state of Illinois (section 220 of the Criminal Code), which imposes a fine "if any company, association or person puts forth any sign or advertisement, and therein assumes, for the purpose of soliciting business, a corporate name, not being incorporated." This statute has no application here, even if it bears the construction for which appellant contends, for the reason that the fact is undisputed that the complainant was duly incorporated, under the laws of the state of New York, in the year 1885, prior to the execution of the contract in question, and therefore the alleged premature illegal assumption of corporate existence was beyond the scope of inquiry in this case; and for the further reason that the acts do not appear to have been committed in the state of Illinois, or after the commencement of business therein, and were lawful in the state of New York. There is entire absence of any showing of fraud, and we find no ground for this objection, either under the statute referred to or any rules of equity.

As stated in Canal Co. v. Clark, 13 Wall. 311: "The office of a trade-mark is to point out distinctively the origin or ownership of

the article to which it is affixed; or, in other words, to give notice who was the producer." The word "Hygeia" has no original signification which would point out the distilled water of complainant, or any other water or article; but it has, by association at least since the making of the contract, became identified with that water in the markets; so that the word used alone is an emblem of the complainant's production, and so used would not be associated with the defendant's water, in the general market, where it had become well known by the combination name, in which the name of its spring and its local designation are preserved. The distinction made in pursuance of the contract is well marked, and is well maintained in the practice which followed under it. It is the duty of the court to protect both the public and the parties from imposition and confusion which would arise from indiscriminate use of these trade-names; and, to the end that each should be distinctive of the origin and ownership by association, the defendant was properly enjoined from infringement, and the decree is affirmed.