## WAUKESHA HYGEIA MINERAL SPRINGS CO. v. HYGEIA SPAR-KLING DISTILLED WATER CO.

(Circuit Court of Appeals, Seventh Circuit, October 1, 1894.)

No. 144.

TRADE-MARKS—WHAT CONSTITUTES INFRINGEMENT.
    Defendant had the right to use the words "Waukesha Hygeia Mineral Springs" as a trade-mark, and complainant had the exclusive right to the use of the word "Hygeia" as a trade-mark, except in the form used by defendant. *Held*, that the fact that defendant made the word "Hygeia" more conspicuous than the rest of his trade-mark did not constitute an infringement of complainant's rights.

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

Suit for injunction by the Hygeia Sparkling Distilled Water Company against the Waukesha Hygeia Mineral Springs Company. Complainant obtained a decree. Defendant appeals.

This bill in equity is filed by way of supplement to an original bill between the same parties, on which there was a decree in favor of the complainant, restraining the defendant (appellant here) from using the word "Hygeia" as a trade-name otherwise than in the combination "Waukesha Hygeia Mineral Spring," with or without the word "Water" superadded; or, in effect, according to the definitions of the respective trade-marks contained in a certain contract, bearing date August 20, 1886. The present bill seeks further injunctional relief by preventing the defendant from using the word "Hygeia" in the combination allowed by the former decree "in more conspicuous letters than the other words in said combination," by using the same in "larger or different colored letters than the other words in said combination, or in any other manner." A copy of the bill, record and proofs in the original case is annexed as an exhibit, and made a part of this bill; and certain signs, advertisements, labels, etc., referred to as the infringing devices, were before the court as exhibits with the bill. The defendant filed a general demurrer, which was overruled. Upon its election to stand by the demurrer, a decree for perpetual injunction was entered, in accordance with the prayer of the bill, and the defendant appeals from the decree.

Banning & Banning, for appellant.
Herrick, Allen & Boyesen, for appellee.

Before JENKINS, Circuit Judge, and BUNN and SEAMAN, District Judges.

SEAMAN, District Judge (after stating the facts). In an opinion filed herewith (63 Fed. 438), the court has affirmed the decree entered upon the original bill against the appellant, who was defendant in both actions. It is there held that the trade-marks of the respective parties were established in pursuance of the definitions contained in the contract of August 20, 1886, between the complainant and the defendant's predecessors in title, and that the defendant was restricted to use the word "Hygeia" only in the combination and with the qualifications so established. The record in that case, adopted by this bill, shows that the contract referred to was made in recognition of the fact that the name "Hygeia" had attached to the spring at Waukesha, now owned by the defendant, from which its supply of water is furnished for the market. The word "Hygeia" was not taken or obtained as the exclusive right or property of either party. It is only by association that it has become distinctive of the origin or ownership of the water, and has become applicable to the complainant's production when used alone, and to the water of the Waukesha spring when used in the prescribed combination. The whole extent of infringement alleged here is that the name "Hygeia" is made too prominent in the advertisements and labels of defendant, by placing it in larger type or differently colored letters from the other words which compose the tradename. The only ground upon which the court could interfere in this use would be that of clear liability to mislead the public. We have carefully examined and considered each of the exhibits which were placed before the court to demonstrate the alleged infringement, and each of them contains the words "Waukesha" and "Mineral Spring" or "Mineral Spring Water" in the proper connection with the word "Hygeia," and in such form that they are clearly legible and noticeable, although not so prominent as the latter word. There was no effort at concealment, but it is evident that distinction was sought for the name "Hygeia." This is justified by the fact disclosed by the record that there are several rival springs at Waukesha, each having a separate name, and all advertising and marketing their product as Waukesha Mineral Spring Water, under the name of each spring respectively. To maintain any benefit it may have or claim in the reputation of its spring, in competition with its Waukesha rivals, the defendant makes the reasonable claim that there should be opportunity for making distinction, in its advertisements, labels, etc., of the name which is conceded to identify the spring. Display of this name should be allowed to the extent that the other words of the combination trade-name are not so minimized that purchasers or the public will be misled. The bill, read in connection with the exhibits which enter into its allegations, does not present a case of simulation or device to impose

upon the unwary public or defraud the complainant. If the value of complainant's trade-name is impaired by the fact that the word "Hygeia" also enters into and is conspicuous in the trade-name of the defendant, the conditions are of its own selection, and produced by the concurrent acts of the parties. Adopting a name which was, with at least equal right, the adoption of the Waukesha parties for a portion of their name, the complainant obtained the largest measure of protection which could be claimed for it by the adjustment which placed the word "Hygeia," when used alone, as its trade-name, while the other claimant must use it in connection with other words indicating the different origin of the water.

In the absence of allegation or showing that the defendant so employed the trade-name that the word "Hygeia" only was apparent, and the qualifying words were not noticeable to the ordinary observer, and in the absence of any appearance of attempt to defraud the complainant or impose upon the public, by similitude, or by so placing or minimizing the qualifying words that they are not fairly observable, there is no occasion for interference by the court. Jurisdiction can be exercised for the protection of the parties in such trade-mark as they have established by their acts, but not to make exclusive and more valuable that which was not exclusive in its adoption. The complainant is entitled to protection where the word "Hygeia," as applied to commercial water, is used alone, either in fact or in practical effect; but such use by the defendant does not appear from the allegations of this bill, considered as a whole. The decree is therefore reversed, at the cost of the complainant, and the cause remanded, with direction to dismiss the bill.