## CONSOLIDATED ICE CO. v. HYGEIA DISTILLED WATER CO.

(Circuit Court of Appeals, Third Circuit. February 11, 1907.)

No. 51.

**1. TRADE-MARKS AND TRADE-NAMES—NAMES SUBJECTS OF OWNERSHIP—DE-SCRIPTIVE CHARACTER.**

It is not necessary to the validity of a trade-mark or trade-name that it shall be utterly devoid of aptitude, but it is enough that it leaves open to every one all words that are really descriptive of quality or character.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trade-Marks and Trade-Names, §§ 4–7.]

**2. SAME—"HYGEIA."**

The name "Hygeia" is not used in the English language as a word of descriptive or qualifying import, but as a noun, and it may lawfully be appropriated as a trade-mark or trade-name to identify distilled water of a particular manufacturer.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trade-Marks and Trade-Names, §§ 4–7.

Arbitrary, descriptive or fictitious character of trade-marks and trade-names, see note to Searle & Hereth Co. v. Warner, 50 C. C. A. 323.]

**3. SAME—INFRINGEMENT—LOCALITY AND SCOPE OF BUSINESS.**

It is not a defense to a suit to enjoin infringement of a trade-mark that the defendant's business is confined to a single state, and that complainant, which is a foreign corporation as to such state, has not complied with its laws to qualify itself to do business therein.

**4. SAME—SUIT FOR INFRINGEMENT—DEFENSES.**

It is sufficient to warrant the granting of an injunction against infringement of a trade-name that defendant has used it in a manner which is likely to produce confusion as to the origin of the article to which it is applied, and it is not material that such use was without wrongful intent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trade-Marks and Trade-Names, §§ 63, 64.]

Appeal from Circuit Court of the United States for the Western District of Pennsylvania.

For opinion below, see 144 Fed. 139.

J. S. Ferguson, for appellant.

John G. Carlisle, for appellee.

Before DALLAS and GRAY, Circuit Judges, and LANNING, District Judge.

DALLAS, Circuit Judge. This is an appeal from a decree in equity wherein it was found and adjudged that the plaintiff below (appellee here) is entitled to the exclusive use of the word "Hygeia" as a trade-name or trade-mark in connection with the manufacture and sale of distilled water, and that the defendant below (appellant here) had infringed that right; and, if this declaratory part of the decree was correct, then, of course, the injunctive relief it awarded was not erroneously granted. Consequently the whole case may be adequately dealt with by considering, first, whether the appellee's claim of right to the exclusive use of the word "Hygeia" was properly sustained; and, second, whether, if such right was in fact and in law established, the appellant was shown to have violated it.

First. The appellant's principal contention appears to be that the effect of the word "Hygeia" is "to convey the idea of health and health-fulness, as descriptive of the quality and characteristic of the articles to which it is applied," and that, therefore, no monopoly of its applica-tion to distilled water could be acquired. It may safely be assumed that acquaintance with the Grecian goddess of health is not, in this country confined to a few scholars, and it is likewise true, no doubt, that many of those who never heard of that mythological personage would vaguely associate her name with healthfulness; but that it has found a place in our vocabulary as a word of descriptive or qualifying import we have not been convinced. It is a noun, not an adjective; a name, not an epithet. It denominates, but it does not characterize; and accordingly it has been applied—of course but appellatively—to a planetoid that was discovered in 1849. Its association in thought with the concept of health is natural and probable; but this is incon-sequential, for it is not necessary to the validity of a trade mark or name that it should be utterly devoid of aptitude. It is enough that it leaves open to every one all words which are really descriptive of quality or character, and to this class the word "Hygeia" cannot reasonably be said to belong. As the name of the goddess of health, it serves to identify her, and this a pictorial representation might do; but to neither name nor portraiture pertains the function of defining, and the fact that for such purpose several words, anglicized from the same source, are commonly employed, quite persuasively indicates that there has been no general imputation of an adjective sense to this substantive form. In short, "Hygeia" is not "hygienic." The two words have not the same meaning, and, whilst a monopoly of the lat-ter could not be accorded to any one without depriving others of its apposite use for ascribing healthfulness to their goods, there is no more reason that the former should be exempted from appropriation than any other nominative or merely designating term which mytholo-gy or fiction has fabricated or made familiar. The adjudications in the cases of Waukesha Co. v. Hygeia Co., 63 Fed. 438, 443, 11 C. C. A. 277, 782, and Hygeia Co. v. Hygeia Co., 70 Conn. 516, 40 Atl. 534, and Id., 72 Conn. 646, 45 Atl. 957, 49 L. R. A. 147, have been discussed at some length by counsel; but it is enough for us to say of them that they have had our respectful and careful consideration without shaking our confidence in the correctness of the views we have expressed, and with which, at least in part, they seem to agree.

The further contention that, even if the appellee's title to the ex-clusive use of the word "Hygeia" were generally valid, yet it could not be effectively asserted in the state of Pennsylvania, cannot be sustained. In the first place, the facts which this contention assumes were neither alleged nor proved. It is true that the complainant's existence in that state was denied, because, as averred, "it has never complied with the laws of the state of Pennsylvania, authorizing it to do business within the said state"; but the answer, which contained this averment, neither specified the laws alluded to nor stated in what the complainant's fail-ure to comply with them consisted. Apart, however, from these de-ficiencies, the defense suggested was not a legally sufficient one. If, as is argued, the statute to which we are told it was intended to refer

does, by reason of the assumed noncompliance of the appellee with its requirements, prohibit that corporation from entering the state of Pennsylvania, by its agents, and there prosecuting its ordinary business, yet isolated transactions between a foreign corporation and citizens of that state have been held not to come within its prohibition. Del. Co. v. Railway Co., 204 Pa. 22, 53 Atl. 533. And if this were not so, still it would, in our opinion, be quite impossible to hold that the appellee's omission to lawfully enter the state of Pennsylvania would justify the use of its trade mark or name by any other corporation in prosecuting its business within the territorial limits of that State. The right of property in a trade-mark is incapable of being so curtailed. It is not "limited to any place, city or state and therefore must be deemed to extend everywhere." Kidd v. Johnson, 100 U. S. 619, 25 L. Ed. 769.

Second. The appellant's use of the word "Hygeia," "in combination, as 'Hygeia Distilled Water,'" is admitted; and the fact that it has used it only in that way and without wrongful intent is not material. It is enough that it is so used as to be likely to produce confusion as to the origin of the article to which it is applied. This sufficed to warrant the granting of an injunction, and there was no decree for damages. Dennison Manufacturing Co. v. Thomas Manufacturing Co. (C. C.) 94 Fed. 656; Shaw et al. v. Pilling, 175 Pa. 87, 34 Atl. 446; Collins v. Ames (C. C.) 18 Fed. 561; Singer v. Wilson, 3 H. L. 376.

Without referring to the specifications of error in detail, we have passed upon all the points they present which seem to us to be substantial, and it remains but to say that after thorough investigation of the whole case the conclusion has been reached that the decree of the Circuit Court should be affirmed, and therefore it is so ordered.