BAYLEY & SONS, Inc., v. BRAUNSTEIN BROS. CO.

(District Court, S. D. New York. July 3, 1917.)

1. PATENTS ⊕➾328—VALIDITY AND INFRINGEMENT—DESIGN FOR ELECTRIC LIGHTING FIXTURE.

The Bayley design patent, No. 49,593, for a design for an electric lighting fixture, consisting of a bell-shaped glass reflector suspended from a rod or chain with a bowl type reflector suspended underneath it, *held* not anticipated, valid, and infringed.

2. PATENTS ⊕➾71—DESIGNS—ANTICIPATION.

A design cannot be anticipated by showing the elements separately to be old, but the structure must be viewed as a whole as it appears in use.

3. PATENTS ⊕➾328—VALIDITY AND INFRINGEMENT—ELECTRIC LIGHTING FIXTURE.

The Bayley patent, No. 1,153,454, for an electric lighting fixture, *held* not anticipated, valid, and infringed.

4. TRADE-MARKS AND TRADE-NAMES ⊕➾70(1)—UNFAIR COMPETITION.

A defendant, who substantially copied a patented device made and sold by complainant under a trade-name, merely changing the name and advertising and selling it as his own product, *held* chargeable with unfair competition.

In Equity. Suit by Bayley & Sons, Incorporated, against the Braunstein Bros. Company. On final hearing. Decree for complainant.

See, also, 237 Fed. 671.

Harry Lea Dodson, of Chicago, Ill., and Zell G. Roe, of Des Moines, Iowa, for plaintiff.

C. A. Weed, of New York City, for defendant.

MANTON, District Judge. Plaintiff, suing on design patent No. 49,593 and mechanical patent No. 1,153,454, seeks to recover an injunction and damages for infringement. It also charges unfair competition growing out of the infringement of the design patent. Both the plaintiff and defendant are engaged in manufacturing lighting fixtures. The patent in suit is an electric light fixture known to the trade as "Equalite," and is described by the witnesses as having an art glass reflector, umbrella shaped (also called bell-shaped), with a straight lower edge suspended from a rod or a chain pendant and with a bowl type reflector suspended underneath the upper piece of glass; the upper part being constructed of panels, the bowl being plain. The inventor, George W. Bailey, assignor to the plaintiff, claims as follows:

"1. An electric lighting fixture having a shade and dish, the shade being formed of a plurality of panels formed of glass, said panels being secured to-

⊕➾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

gether by ribs, top binding channels and bottom binding channels, each of the shape of a flat ring with inclined walls to accommodate the inclination of the panels at the edges thereof, means for securing the ribs to the channels, and means for connecting the dish to the shade.

"2. An electric lighting fixture having a shade and dish, the shade being formed of a plurality of panels formed of glass, said panels being secured together by ribs of H-shaped cross-section, top binding channels and bottom binding channels, each of the shape of a flat ring with inclined walls to accommodate the inclination of the panels at the edges thereof, the flanges on the ribs being cut away adjacent to the two channels and the web part of the ribs entering the channels and secured thereto, and means for connecting the dish to the shade.

"3. An electric lighting fixture having a shade and dish, the shade being formed of a plurality of panels formed of glass, said panels being secured together by ribs, top binding channels and bottom binding channels, each of the shape of a flat ring with inclined walls to accommodate the inclination of the panels at the edges thereof, the dish being formed of glass with a binding channel on the edge, hooks carried by the said channel, eyes carried by the ribs of the shade and links carried by the eyes and engaging with the hooks, a collar connected to the top binding channel of the shade, a canopy engaging with the collar, and a lamp socket carried by the canopy.

"4. An electric lighting fixture having a shade and dish, the shade being formed of a plurality of panels formed of glass, said panels being secured together by ribs of H-shaped cross-section, top binding channels and bottom binding channels, each of the shape of a flat ring with inclined walls to accommodate the inclination of the panels at the edges thereof, the flanges on the ribs being cut away adjacent to the two channels and the web part of the ribs entering the channels and secured thereto, the dish being formed of glass with a binding channel on the edge, hooks carried by the said channel, eyes carried by the ribs of the shade, and links carried by the eyes and engaging with the hooks.

"5. An electric lighting fixture having a shade and dish, the shade being formed of a plurality of panels formed of glass, said panels being secured together by ribs of H-shaped cross-section, top binding channels and bottom binding channels, each of the shape of a flat ring with inclined walls to accommodate the inclination of the panels at the edges thereof, the flanges on the ribs being cut away adjacent to the two channels and the web part of the ribs entering the channels and secured thereto, the dish being formed of glass with a binding channel on the edge, hooks carried by the said channel, eyes carried by the ribs of the shade and links carried by the eyes and engaging with the hooks, a collar connected to the top binding channel of the shade, a canopy engaging with the collar, and a lamp socket carried by the canopy."

I am satisfied that the type of lamp placed on the market known as "Braunstein's Best Commercial Light" is similar in design, shape, and ornamental effect to the lamp made by the plaintiff under the patent in suit. The plaintiff manufactured this light under its trade-name for a long period of time, and, from the testimony in the case, it has been well and favorably received by the trade and is associated with the plaintiff as its product, and therefore, unless the defenses urged by the defendant are good, a decree must go for the plaintiff. I shall therefore consider the defenses:

Defendant claims that the mechanical patent is invalid:

(a) Because every element of the claims of this patent is old separately, in prior patents, catalogues and prior structures, and also old in combination, so shown by any one of several exhibits.

(b) Because not only are the elements old in separate patents, prior structures and catalogues, but every element of the shade itself, as described in the claims, is old in combination as the proof discloses.

(c) Because the dish or bowl is conceded and has been proven to be old.

(d) Because bowls of the identical shape of the patent have been suspended by chains below shades of various shapes before as shown in prior patents and prior catalogues. In other words, that the mechanical patent is invalid because, of the prior act, and that. the combination of the members of this electric lighting fixture shows no invention.

The plaintiff concedes that the suspending of the bowl on chains and of the bell-shaped shade on chains is old in the trade, but claims that the combination as provided and manufactured by plaintiff under the patent amounts to an invention, and that the defendant is copying it in its product and infringes.

[1] As to the design patent, the defendant claims it invalid:

(a) "For double patenting, every feature of it being shown in his prior mechanical patent applied for and issued more than five months before he applied for his design patent, and therefore, what Bayley did not claim in his mechanical patent or in an application pending simultaneously therewith, he abandoned to the public."

(b) "Because the prior art shows that the bell-shaped shades are old and that the same shape of bowl or dish is old, and also that various shapes of shades with bowls suspended below are old, but, even if it did not, certainly no one could obtain a valid patent at this late date, for merely connecting two old shapes of articles in precisely the same manner as many other similar articles of various shapes have been connected by others."

(c) "That the defendant clearly has the right to make shades exactly like those he has been making for years, clearly has the right to make bowls or dishes like those that have been made for years, and clearly it does not require any more than the routine designer to suspend an old bowl below an old shade in view of the many prior patents on the market showing bowls suspended from various kinds of shades."

The design patent No. 49,593 is entitled to the presumptive validity of the law. Railroad Supply Co. v. Hart Steel Co., 222 Fed. 261, 138 C. C. A. 23.

"If as a whole, the design produces a new and pleasing impression on the æsthetic sense, it is patentable." Matthews & Willard Mfg. Co. v. American Lamp & Brass Co. (C. C.) 103 Fed. 634.

And in Graff, Washbourne & Dunn v. Webster, 195 Fed. 522, 115 C. C. A. 432, it was said that it is the design as a whole that had to be considered; that the situation in this respect is analogous to machines made up of old elements. It sufficed that the machine produced a new result, or the design a new impression upon the eye.

[2] Many witnesses, whose testimony was taken by the plaintiff, described the Equalite as producing a new result by reason of its combination and a new impression upon the eye. The combination made by the plaintiff, as a whole, is new and has never been made before. In fact, the defendant claimed upon the trial that it was new when it manufactured it, and it has been extravagant enough in its claim to say that the plaintiff has injured the defendant by copying the defendant's new combination. A design cannot be anticipated by showing the elements separately to be old. Matthews & Willard Mfg. Co. v. American Lamp & Brass Co., supra. In that case, the court said:

"The patented design must be viewed and considered as a whole, and originality and novelty will not be denied to it because elements or compo-

nent parts of the design are old. * * * A combination of elements that are old is patentable, if it produces a new and useful result as the product of the combination; and a design which avails itself of suggestions old in the art is patentable."

The test for anticipation must be for the design as a whole. Bush & Lane Piano Co. v. Becker Bros. (D. C.) 209 Fed. 233; Mygatt v. Shaffer, 218 Fed. 827, 134 C. C. A. 515. The court in this circuit held:

"It is the design of the whole thing as it appears in use which is the test in cases of the class in suit."

Applying these tests to the inquiry as to the prior art, as disclosed by the catalogues offered in evidence by the defendant, such at least as should be considered by the court, the art does not disclose a lighting fixture in its entirety which justifies declaring void the patent.

I conclude, therefore, that the design as a whole is new and produces a new and pleasing impression on the æsthetic sense and in passing, a sense of uniqueness in character, all of which has won popularity in the trade and has made it a good seller.

Judge Grosscup, in the case of Pelouze Scale Mfg. Co. v. American Cutlery Co., 102 Fed. 916, 43 C. C. A. 52, well put it when he said:

"Design, in the view of the patent law, is that characteristic of a physical substance, which, by means of lines, images, configuration, and the like, taken as a whole, makes an impression, through the eye, upon the mind of the observer. The essence of a design resides, not in the elements individually nor in their method of arrangement, but in the tout ensemble—in that indefinable whole that awakens some sensation in the observer's mind. * * * But whatever the impression, there is attached in the mind of the observer, to the object observed, a sense of uniqueness and character."

Applying these tests, I find the design patent valid and infringed.

[3] The second patent in suit is a combination patent to which the defendant interposes the defense that the elements of plaintiff's structure were all old. I find that the flat ring at the top and bottom of the plaintiff's shade was not old according to the testimony. The defendant's president said that, before this particular shade was made, there was never a shade like it constructed in Europe or America. But, while the defendant denied using the H-shaped rib, still making the object which the patent describes as being in one piece in two parts, he cannot escape the charge of infringement, particularly where the patent is identical. Nor is it sufficient to say that all that was necessary to do was to take certain old elements and put them together in plaintiff's shade. The Supreme Court, in the case of the Diamond Rubber Co. v. Consolidated Rubber Co., 220 U. S. 428, 31 Sup. Ct. 444, 55 L. Ed. 527, said:

"Knowledge after the event is always easy, and problems once solved present no difficulties, indeed, may be represented as never having had any, and expert witnesses may be brought forward to show that the new thing which seemed to have eluded the search of the world was always ready at hand, and easy to be seen by merely skillful attention. But the law has other tests of the invention than subtle conjectures of what might have been seen and yet was not. It regards a change as evidence of novelty, the acceptance and utility of change as a further evidence, even as demonstration."

[4] Further, the court is of the opinion that the defendant is rightly chargeable with unfair competition. The plaintiff by industry and advertising has placed the Equalite upon the market successfully, and now the defendant has appropriated many of the features, nearly all, of the plaintiff's Equalite fixture. The plaintiff assembled the various parts together first and did so and produced them under the protection of its patent. The defendant's appropriation of this combination, and placing it upon the market, has been unfair and calculated to deceive the ordinary purchaser who would not be apt to discover the difference. His advertising it as his own product, after carefully copying it and differentiating it only under another name, is not sufficient to relieve it of the charge of unfair competition. Yale & Towne Co. v. Alder, 157 Fed. 37, 83 C. C. A. 149; Consolidated Ice Co. v. Hygeia Distilled Water Co., 151 Fed. 10, 80 C. C. A. 506; Yale & Towne Co. v. Worcester Mfg. Co. (D. C.) 205 Fed. 952.

The plaintiff may have a decree accordingly.