### ARKELL SAFETY BAG CO. v. SAFEPACK MILLS.

(Court of Appeals of District of Columbia. Submitted March 12, 1923. De-
cided May 7, 1923. Rehearing Denied May 19, 1923.)

No. 1568.

1. **Trade-marks and trade-names and unfair competition ⬤➡43—Mark need be
   only sufficiently dissimilar, so that ordinary purchasers are not apt to be con-
   fused.**

   It is not required that trade-marks be so dissimilar as to be absolutely
   proof against mistake, it being only necessary that they be sufficiently
   dissimilar, so that the ordinary purchasers of the particular goods are
   not likely to be confused to the extent of purchasing the goods of one for
   the goods of the other.

2. **Trade-marks and trade-names and unfair competition ⬤➡43—"Safepack" held
   not descriptive as mark for wrapping paper.**

   The word "Safepack," though suggestive of certain characteristics, is
   not so strictly a descriptive term as to prevent its registration as a trade-
   mark for wrapping paper.

3. **Trade-marks and trade-names and unfair competition ⬤➡43—Registration not
   refused because mark includes corporate name of applicant.**

   Under Trade-Mark Act Feb. 20, 1905, § 5, amended by Act Jan. 8, 1913
   (Comp. St. § 9490), so as not to prohibit the registration of a trade-mark
   otherwise registrable, because it contains the name of the applicant or a
   portion thereof, the registration of the trade-mark "Safepack" is not
   to be denied because it was part of the corporate name of the applicant,
   the Safepack Mills.

4. **Trade-marks and trade-names and unfair competition ⬤➡44—Opposer cannot
   raise objection mark is descriptive, unless damaged thereby.**

   Under Trade-Mark Act, § 6 (Comp. St. § 9491), making probable damage
   the basis on which an opposition proceeding must rest, an opposer of the
   registration of a trade-mark cannot raise the objection that the proposed
   trade-mark is descriptive only, unless the fact that it is descriptive would
   be likely to damage the opposer, though under section 7 (section 9492) the
   Commissioner may, in an opposition proceeding, refuse registration be-
   cause the mark is descriptive.

5. **Trade-marks and trade-names and unfair competition ⬤➡44—Mistake in one
   order held not to show deceptive similarity.**

   In an opposition to registration of the trade-mark "Safepack" for wrap-
   ping paper by the owner of the trade-mark "Arksafe," the fact that the
   opposer had received one order for Safepack paper does not show decep-
   tive similarity in the trade-mark, where the purchaser who sent in the or-
   der testified he was not aware of the applicant's mark at the time.

Appeal from the Commissioner of Patents.

Application by the Safepack Mills for registration of a trade-mark,
opposed by the Arkell Safety Bag Company. From a decision over-
ruling the opposition, the opposer appeals. Affirmed.

Nicholas M. Goodlett, of New York City, for appellant.

Clyde L. Rogers, of Boston, Mass., for appellee.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL,
Associate Justices.

SMYTH, Chief Justice. Arkell Safety Bag Company, owner of the
mark "Arksafe," which was registered for it in the Patent Office July

23, 1901, opposed the application of Safepack Mills for the registration of the mark "Safepack." The latter company claims use of its mark only since May, 1914, and is therefore junior to the opposer. Both marks are applied to wrapping paper; hence to goods of the same descriptive properties. The opposition is grounded on the contentions (1) that the registration of the applicant's mark would be likely to produce confusion; (2) that it is descriptive of the character of the goods; and (3) that the word "Safepack" is the characteristic word in the corporate name of the applicant.

[1] In rejecting these contentions the Commissioner said that whether the two marks were so similar as to be likely to cause confusion is better determined by the judgment of the eye and of the ear than by the testimony of experts; that neither the appearance of the two words nor their sound when spoken would indicate that their use as trademarks would be likely to confuse the purchaser as to the origin of the goods; that it is not required that the marks be so dissimilar as to be absolute proof against mistake, it being only necessary that they be sufficiently dissimilar that the ordinary purchasers of the particular goods are not likely to be confused to the extent of purchasing the goods of one for the goods of another, and he overruled the first contention.

[2] With respect to the second ground of opposition he pointed out that the syllable "Safe" is common to both marks; that if the component parts of the mark "Safepack" be considered, a variety of meanings, more or less fanciful, could be derived from it; that the mark, however, must be taken as a whole, and when so taken belongs to that class of arbitrary suggestive words that the commercial world is seeking; that, while it may be suggestive of certain characteristics, it is not descriptive to the extent of defining any particular quality of the goods to which it is applied; and hence that the contention of the Arkell Company with respect to it was not sound.

[3] Touching the third ground of the opposition, the Commissioner quoted from section 5 of the Trade-Mark Act of February 20, 1905, as amended by the Act of January 8, 1913 (Comp. St. § 9490), wherein it is said "that nothing herein shall prevent the registration of a trademark otherwise registrable because of its being the name of the applicant or a portion thereof," and ruled against the opposer. He distinguished Simplex Electric Heating Co. v. Ramey Co., 243 O. G. 793, and In re American Steel Foundries, 258 Fed. 160, 49 App. D. C. 16, from the case before him, on the footing that in those cases registration was sought by a competitor of the corporation a part of whose name was sought to be registered. We agree with the views of the Commissioner as herein expressed.

[4] Opposer has filed a brief which is rather elaborate when the narrowness of the subject discussed is considered. The brief devotes much time to the contention that "Safepack" is merely descriptive, and hence not registrable. But the opposer has no right to raise that question in this case unless the fact that it is descriptive would be likely to damage it. Probable damage is the basis upon which an opposition proceeding must rest. Sec. 6, 33 Stat. 726 (Comp. St. § 9491). If we concede that the mark is descriptive, but is not deceptively similar

to opposer's mark, there is no ground for claiming that its registration would damage the opposer. It is true, as claimed by the opposer, that under section 7 of the same act (section 9492) the Commissioner may in an opposition proceeding refuse registration of a mark because it is descriptive, but this does not mean that an opposer has a right to raise that question unless the registration of the mark would be likely to damage him.

[5] Stress is laid on the fact that a dealer in paper sent to opposer an order in which he asked the latter to send him "Safepack" paper—the paper produced by the applicant—and it is argued that this indicates that the marks are deceptively similar. But the person who sent the order testified that he was not aware of opposer's mark at the time, and that he had made a mistake in using applicant's mark. If he was not aware of opposer's mark, it cannot be said that he mistook the mark "Safepack" for it. It is not necessary for us to go further.

As stated, we are satisfied with the reasoning of the Commissioner, and therefore affirm his decision.

Affirmed.